1  PAYNE & FEARS LLP
   Attorneys at Law
2  J. Kelby Van Patten, Bar No. 167553
   kvp@paynefears.com
3  Jared De Jong, Bar No. 260921
   jdj@paynefears.com
4  4 Park Plaza, Suite 1100
   Irvine, California 92614
5  Telephone: (949) 851-1100
   Facsimile: (949) 851-1212

6

7  Attorneys for Plaintiffs TRIPACIFIC
   CAPITAL ADVISORS, LLC,
8  TRIPACIFIC MANAGERS, INC., and
   GEOFFREY S. FEARNS

9

10              **UNITED STATES DISTRICT COURT**

11  **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

12

13  TRIPACIFIC CAPITAL ADVISORS,        Case No. 8:21-cv-00919-JVS-JDE
    LLC, a Delaware limited liability
14  company; TRIPACIFIC MANAGERS,       **FIRST AMENDED COMPLAINT**
    INC.; a California corporation; and   **FOR:**
15  GEOFFREY S. FEARNS, a California
    citizen,                            **(1) Breach of Contract;**
16
              Plaintiffs,               **(2) Declaratory Relief re Other**
17                                      **Insurance Clause;**
          v.
18                                      **(3) Declaratory Relief re Duty to**
    FEDERAL INSURANCE COMPANY,          **Defend; and**
19  an Indiana corporation,
                                        **(4) Declaratory Relief re**
20            Defendant.                **Inapplicability of Contractual-**
                                        **Liability Exclusion**
21

22                                      **DEMAND FOR JURY TRIAL**

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

FIRST AMENDED COMPLAINT

Plaintiffs TriPacific Capital Advisors, LLC, TriPacific Managers, Inc., and Geoffrey S. Fearns (collectively "Plaintiffs") allege as follows:

## PARTIES

1.     Plaintiff TriPacific Managers, Inc. ("TMI") is a California corporation with its principal place of business in Orange County, California.

2.     Plaintiff TriPacific Capital Advisors, LLC ("TriPac") is a Delaware limited liability company whose single member is TMI.

3.     Plaintiff Geoffrey S. Fearns is a California citizen residing in Orange County, California.

4.     Upon information and belief, Defendant Federal Insurance Company ("Chubb") is an Indiana corporation with its principal place of business in New Jersey.

## JURISDICTION

5.     This Court has original jurisdiction based on diversity jurisdiction.

a.     Pursuant to 28 U.S.C. § 1332(a), the citizenship of each Plaintiff — i.e., TriPac, TMI, and Mr. Fearns — is diverse from the citizenship of the Defendant — i.e., Chubb.

b.     Pursuant 28 U.S.C. § 1332(a), the amount in controversy exceeds $75,000, exclusive of interest and costs, since Plaintiffs have incurred well over $75,000 in unreimbursed defense costs and, with defense costs continuing to mount,

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

FIRST AMENDED COMPLAINT

future defense costs owed by Chubb under the Chubb D&O Policy will far exceed the jurisdictional minimum.   Furthermore, Plaintiffs claim a common and undivided interest in a single right, which is the right to defense and indemnity under an insurance policy issued by Chubb.

## **VENUE**

6.      Venue in the Central District of California is proper under 28 U.S.C. § 1391 because the subject matter of this dispute arises from a lawsuit filed against Plaintiffs in Orange County Superior Court, and the allegations in this underlying lawsuit purportedly occurred in Orange County, California.

## **GENERAL ALLEGATIONS**

### **The Chubb D&O Policy**

7.      Chubb issued an "Asset Management Protector policy" containing a Directors & Officers Liability coverage part, policy number 8246-0819, to the named insured, TriPac, in effect from November 1, 2019 until November 1, 2020 (the "Chubb D&O Policy"). The Chubb D&O Policy also extends coverage as insureds to TMI and Mr. Fearns.

8.      The Chubb D&O Policy has a limit of liability of $5,000,000, subject to a $150,000 self-insured retention.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

9.　The Chubb D&O Policy contains a provision imposing a duty to defend on Chubb, which provides that, "[i]t shall be the duty of the **Company**[1] and not the duty of the **Insured** to defend **Claims** made against the **Insured**." The Chubb Policy also states that Chubb's payment of defense costs counts against and erodes Chubb's available coverage limits.

10.　For insured persons, such as Mr. Fearns, the insuring agreement of the Chubb D&O Policy provides, among other things, that, "[t]he **Company** shall pay, on behalf of each of the **Insured Persons**, **Loss** for which the **Insured Person** is not indemnified by the **Organization** and which the **Insured Person** becomes legally obligated to pay on account of any **Claim** first made against the **Insured Person**, during the **Policy Period** or, if exercised, during the **Extended Reporting Period**, for a **Wrongful Act** by such **Insured Person** before or during the **Policy Period**."

11.　For business entities, such as TriPac and TMI, the insuring agreement of the Chubb D&O Policy provides that, "[t]he **Company** shall pay, on behalf of an **Organization**, **Loss** which such **Organization** becomes legally obligated to pay on account of any **Claim** first made against the **Organization** during the **Policy Period** or, if exercised, during the **Extended Reporting Period**, for a **Wrongful Act** by the **Organization** before or during the **Policy Period**."

12.　The Chubb D&O Policy defines "**Claim**" as, among other things, "a written demand for monetary damages or non-monetary relief" and "a civil proceeding commenced by the service of a complaint or similar pleading."

---

[1] All terms in bold typeface appear that way in the Chubb D&O Policy.

13.     The Chubb D&O Policy defines "**Wrongful Act**" as, among other things, "any error, misstatement, misleading statement, act, omission, neglect, or breach of duty committed, attempted, or allegedly committed or attempted by an **Insured Person** in his or her capacity as such, or for purposes of Insuring Clause (C), by the **Organization**."

14.     The Chubb D&O Policy defines "**Loss**" as, among other things, "the amount that an **Insured** becomes legally obligated to pay on account of any **Claim**, including but not limited to damages (including punitive, exemplary, or multiplied damages, if and to the extent that such punitive, exemplary or multiplied damages are insurable under the law of the jurisdiction most favorable to the insurability of such damages; provided such jurisdiction has a substantial relationship to the relevant Insured, to the **Company**, or to the **Claim** giving rise to the damages), judgments, settlements, pre-judgment and post-judgment interest, and **Defense Costs**."

15.     The Chubb D&O Policy contains an exclusion that provides, in part, as follows: "The **Company** shall not be liable for **Loss** on account of any **Claim** under this Coverage Part based upon, arising from, or in consequence of any employment-related **Wrongful Act** . . .; provided this Exclusion shall not apply to **Loss** on account of any wrongful termination **Claim** brought or maintained by or on behalf of an **Executive** of an **Organization**."

16.     The Chubb D&O Policy defines "**Executive**" as "any natural person who was, now is or shall become: (1) an in-house general counsel, in-house chief compliance officer, Manager or a duly elected or appointed director, officer, trustee, governor, general partner, managing general partner, venture partner, administrative general partner, or principal; or (2) a holder of a position equivalent to any position described in (1) above in any entity that is chartered in any jurisdiction other than the

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

United States of America."  The Chubb Policy also defines "**Executive**" to include "any natural person who was, now is or shall become a managing director, delegate director, alternate director, director emeritus, shadow director, trust manager, partnership manager or risk manager."

17.     The Chubb D&O Policy also contains an exclusion that applies only to insured business entities and which eliminates coverage "for **Loss** on account of any **Claim** . . .   based upon, arising from, or in consequence of any Insured's liability under any contract or agreement regardless of whether such liability is direct or assumed; provided this Exclusion IV.(B) shall not apply to liability that would attach to an Insured even in the absence of a contract or agreement."

18.     The Chubb D&O Policy contains an "Other Insurance" provision, which provides as follows:

a.     "With respect to any Coverage Part other than the Employment Practices Liability Coverage Part, if any **Loss** under this Policy is insured under any other valid and collectible insurance, then this Policy shall cover such **Loss**, subject to its limitations, conditions, provisions and other terms, only to the extent that the amount of such **Loss** is in excess of the applicable retention (or deductible) and limit of liability under such other insurance, whether such other insurance is stated to be primary, contributory, excess, contingent or otherwise, unless such other insurance is written only as specific excess insurance over the Limits of Liability provided in this Policy."

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP

ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

## The Travelers EPLI Policy

19.    Travelers Casualty and Surety Company of America ("Travelers") issued a Wrap Policy including Employment Practices Liability Coverage, policy number 086-LB-105693785, to the named insureds, TriPac and TMI, in effect from November 1, 2019 until November 1, 2020 (the "Travelers EPLI Policy").   The Travelers DEPLI Policy also extends coverage as an insured to Mr. Fearns.

20.    The Travelers EPLI Policy has a limit of liability of $1,000,000, subject to a $50,000 self-insured retention.

21.    The Travelers EPLI Policy contains a provision imposing a duty to defend on Travelers, which provides that, "the **Company**[2] will have the right and duty to defend any **Claim** covered by Liability Coverage."  The Travelers EPLI Policy also states that Travelers' payment of defense costs counts against and erodes Travelers' available limits.

22.    The insuring agreement in the Travelers EPLI policy "The **Company** will pay on behalf of the **Insured**, **Loss** for any **Employment Claim** first made during the **Policy Period**  . . . for a **Wrongful Employment Practice**."

23.    The Travelers EPLI Policy defines "**Employment Claim**" as, among other things, "any actual or alleged: 1. **Discrimination**; 2. **Retaliation**; 3. **Sexual Harassment**; 4. **Workplace Harassment**; 5. **Wrongful Termination**; 6. breach of **Employment Agreement**; 7. violation of the Family Medical Leave Act; 8. employment-related misrepresentation; 9. employment-related defamation, including

---

[2] All terms in bold typeface appear that way in the Travelers EPLI Policy.

libel or slander, or invasion of privacy; 10. failure or refusal to create or enforce adequate workplace or employment policies and procedures, employ or promote, including wrongful failure to grant bonuses or perquisites, or grant tenure; 11. wrongful discipline, wrongful demotion, denial of training, deprivation of career opportunity, denial or deprivation of seniority, or evaluation; 12. employment-related wrongful infliction of emotional distress; or 13. negligent hiring, supervision of others, training, or retention . . .."

24.     The Travelers EPLI Policy contains an "Other Insurance" provision, which provides as follows:

a.     "This **Liability Coverage** is primary, except as expressly stated otherwise in this **Liability Coverage**."

**The Mahathirath Action**

25.     TriPac is a financial services company based in Orange County, California that manages institutional capital for residential development and construction.  TriPac's managing member is TMI, and Mr. Fearns is, among other things, TriPac's President.  Tom Mahathirath is TriPac's former Executive Vice President who left the company in September 2020.

26.     On November 17, 2020, Tom Mahathirath and TFM Advisors, Inc. filed a lawsuit against Plaintiffs in Orange County Superior Court: *Tom Mahathirath v. TriPacific Capital Advisors, TriPacific Managers, Inc. and Geoffrey Fearns*, Case No.  30-2020-01170513-CU-BC-CJC  (Orange County Superior Court)  (the "Mahathirath Action").

27. The Mahathirath Action includes the following causes of action: (1) Breach of Fiduciary Duties against TriPac, TMI, and Mr. Fearns; (2) Breach of Contract against TriPac; (3) Breach of the Implied Covenant of Good Faith and Fair Dealing against TriPac; (4) Failure to Pay Earned Wages against TriPac; (5) Labor Code Section 203 Penalties against TriPac; (6) Equitable Accounting against TriPac, TMI, and Mr. Fearns; (7) Constructive Trust against TriPac, TMI, and Mr. Fearns; and (8) Declaratory Relief.

28. The Mahathirath Action also includes allegations that TriPac, TMI, and Mr. Fearns are alter egos, principles and agents of each another, and were acting in concert, and the Mahathirath Action contends that the liability of each Plaintiff should be imputed to the others.

## Plaintiffs Tender the Mahathirath Action to Chubb and Travelers

29. Plaintiffs tendered the Mahathirath Action to Chubb and Travelers requesting defense and indemnity under the Chubb D&O Policy and Travelers EPLI Policy.

30. The Mahathirath Action creates a potential for an award of damages covered by the Chubb D&O Policy and the Travelers EPLI Policy, thereby triggering both Chubb's and Travelers' duty to defend.

a. As to the Chubb D&O Policy, the Mahathirath Action seeks to recover from each Plaintiff "**Loss**" on an account of a "**Claim**" first made during Chubb's policy period for a "**Wrongful Act**," as those terms are defined by the Chubb D&O Policy. Furthermore, coverage for the Mahathirath Action is not precluded by any limitation, condition, or exclusion contained within the Chubb D&O Policy. In

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

particular, Mr. Mahathirath qualifies as an "**Executive**" of an "**Organization**," and the Mahathirath Action constitutes a "wrongful termination **Claim**."

b.     As to the Travelers EPLI Policy, the Mahathirath Action seeks to recover from each Plaintiff "**Loss**" on an account of a "**Employment Claim**" first made during Travelers' policy period for a "**Wrongful Employment Act**," as those terms are defined by the Travelers EPLI Policy. Furthermore, coverage for the Mahathirath Action is not precluded by any limitation, condition, or exclusion contained within the Travelers EPLI Policy.

## **Chubb and Travelers Respond to the Mahathirath Action**

31.     On February 3, 2021, Travelers agreed to defend Plaintiffs subject to a reservation of rights.  However, Travelers denied coverage for, among other things, the First Cause of Action in the Mahathirath Action for Breach of Fiduciary Duties on the ground that this claim does not meet the definition of "**Wrongful Employment Practice**" in the Travelers EPLI Policy.

32.     Travelers has agreed to contribute money toward Plaintiffs' defense of the Mahathirath Action, but Plaintiffs have incurred and will continue to incur defense-related costs for which Travelers has not and will not pay.

33.     Chubb initially disclaimed any duty to provide Plaintiffs with insurance coverage for the Mahathirath Action.  However, after twice denying coverage by written letter, on March 29, 2021, Chubb changed its position and agreed to defend Mr. Fearns, subject to a reservation of rights, against the Mahathirath Action.  Chubb continues to deny coverage for TriPac and TMI.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

34.     Even though Chubb is obligated under California law and the terms of its Policy to defend Mr. Fearns against all causes of action, Chubb has taken the position that the only cause of action in the Mahathirath Action that triggers Chubb's duty to defend is the First Cause of Action for Breach of Fiduciary Duties.

35.     In addition, Chubb is refusing to contribute money toward Mr. Fearns' defense despite acknowledging that there is a potential for an award of damages covered by the Chubb D&O Policy.  In response to a request that Chubb immediately pay defense costs upon satisfaction of the self-insured retention, Chubb has taken the position, set forth in a letter dated April 21, 2021, that the D&O coverage Chubb provides to Mr. Fearns is excess to the EPLI coverage provided by Travelers. Specifically, Chubb contends that it is excess to Travelers based on the "Other Insurance" clause in the Chubb D&O Policy.  Chubb contends that even though the Chubb D&O Policy is a primary liability policy, not a true excess policy, the "Other Insurance" language in Chubb's D&O Policy converts Chubb's primary duty to defend and indemnify into an excess duty.  In fact, Chubb has taken the position that it has no obligation to contribute money toward Mr. Fearns' defense of the Mahathirath Action unless and until Travelers exhausts by paying the full $1,000,000 limits of the Travelers EPLI Policy.

36.     Chubb's position that it is an excess insurer with respect to the Mahathirath Action based on its "Other Insurance" Clause has no legal merit:

a.     Under California law, other-insurance clauses, like the one in the Chubb D&O Policy, have no impact on the rights of a policyholder and do not convert a primary obligation into one that is excess.  Regardless of the wording used, the "Other Insurance' Clause in the Chubb D&O Policy cannot be enforced against Mr. Fearns to deny him the benefit of his contractual bargain with Chubb for an immediate

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-11-

and complete defense as primary insurance against the Mahathirath Action.  Because Chubb's "Other Insurance" Clause does not make Chubb excess to Travelers, Chubb must defend Mr. Fearns against the Mahathirath action even if Travelers owes Mr. Fearns the same duty.

   b.   Under California law, other-insurance clauses, like the one in the Chubb D&O Policy, are only applicable where multiple insurers cover the "same risk." If the risks are different, other-insurance language is inapplicable in the first instance. Chubb's other-insurance clause does not apply because Chubb and Travelers do not cover the same risks: Chubb is a D&O insurer; Travelers provides EPLI coverage. Chubb and Travelers are not defending Mr. Fearns against the same risks. Furthermore, Chubb has agreed to defend the fiduciary-duty claim alone, which Travelers has refused to defend. As such, Chubb is the only insurer with an acknowledged duty to defend Mr. Fearns against the fiduciary-duty claim.

## FIRST CAUSE OF ACTION
### (Breach of Contract by Plaintiffs Against Chubb)

37.   Plaintiffs reallege the allegations contained in paragraphs 1 through 36, inclusive, and incorporates them by reference as though fully set forth herein.

38.   Plaintiffs requested that Chubb defend and indemnify the Mahathirath Action as described more fully above.  Plaintiffs have performed all obligations owing under the Chubb D&O Policy in connection with its claim for defense and indemnity in the Mahathirath Action, and Plaintiffs have satisfied all relevant conditions precedent for establishing coverage.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

39.     Chubb owes a contractual duty to defend and indemnify Plaintiffs against the Mahathirath Action.

40.     Chubb has breached its contractual obligation to defend and indemnify Plaintiffs against the Mahathirath Action by, among other things, refusing to pay defense fees and related expenses incurred by Plaintiffs in connection with the defense of the Mahathirath Action.

41.     As a proximate result of Chubb's breach of contract, Plaintiffs have been damaged in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### (Declaratory Relief re "Other Insurance" Clause by Plaintiffs Against Chubb)

42.     Plaintiffs reallege the allegations contained in paragraphs 1 through 41, inclusive, and incorporates them by reference as though fully set forth herein.

43.     An actual controversy has arisen and now exists between Plaintiffs, on the one hand, and Chubb, on the other hand, in that Plaintiffs contend that Chubb's obligation to defend and indemnify the Mahathirath Action is primary, and that Chubb's obligation to defend and indemnify the Mahathirath Action is not excess to Travelers' obligation by virtue of the "Other Insurance" Clause in the Chubb D&O Policy.

44.     Plaintiffs are informed and believes that Chubb contends otherwise.

45.     Plaintiffs desire a judicial determination that:

a.      Chubb is not excess to Travelers based on the "Other Insurance" Clause in the Chubb D&O Policy;

b.      Chubb's duty to defend and indemnify the Mahathirath Action is a primary duty; and

c.      Chubb's duty to pay defense and indemnity in the Mahathirath Action is a separate and independent duty that is not altered simply because Travelers owes the same duty.

46.      A declaratory judgment is both proper and necessary so that the respective rights, duties, and obligations of Plaintiffs and Chubb may be determined.

## THIRD CAUSE OF ACTION
## (Declaratory Relief re Duty to Defend by Plaintiffs Against Chubb)

47.      Plaintiffs reallege the allegations contained in paragraphs 1 through 46, inclusive, and incorporates them by reference as though fully set forth herein.

48.      An actual controversy has arisen and now exists between Plaintiffs, on the one hand, and Chubb, on the other hand, in that Plaintiffs contend that, pursuant to the terms of the Chubb D&O Policy, Chubb is obligated to defend TriPac, TMI, and Mr. Fearns against the Mahathirath Action.

49.      Plaintiffs are informed and believes that Chubb contends otherwise.

50.      Plaintiffs desire a judicial determination as follows:

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

51.     Chubb owes a duty to defend TriPac, TMI, and Mr. Fearns in the Mahathirath Action under the Chubb D&O Policy.

52.     A declaratory judgment is both proper and necessary so that the respective rights, duties, and obligations of Rawlings and Starr may be determined.

## FOURTH CAUSE OF ACTION

### (Declaratory Relief re Exclusion for "Liability Under Any Contract or Agreement" by TriPac and TMI Against Chubb)

53.     Plaintiffs reallege the allegations contained in paragraphs 1 through 52, inclusive, and incorporates them by reference as though fully set forth herein.

54.     An actual controversy has arisen and now exists between TriPac and TMI, on the one hand, and Chubb, on the other hand, in that TriPac and TMI contend that Chubb's duty to defend TriPac and TMI in the Mahathirath Action under Insuring Clause (C), Entity Liability Coverage in the Chubb D&O Policy is not precluded based on exclusion IV(B) for "liability under any contract or agreement."

55.     TriPac and TMI are informed and believes that Chubb contends otherwise.

56.     TriPac and TMI desire a judicial determination that exclusion IV(B) in the Chubb D&O Policy for "liability under any contract or agreement" does not preclude coverage for TriPac and TMI in the Mahathirath Action.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

57. A declaratory judgment is both proper and necessary so that the respective rights, duties, and obligations of TriPac and TMI, on the one hand, and Chubb, on the other hand, may be determined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for a judgment as follows:

1. **FIRST CAUSE OF ACTION:**

    a.    A judgment of liability against Chubb for damages, according to proof at trial;

    b.    Compensatory and consequential damages exceeding $75,000, exclusive of interest and costs, according to proof at trial;

    c.    Pre-judgment interest on all amounts of money due at the legal rate;

    d.    Costs of suit incurred; and

    e.    Such and further damage and relief as the Court may deem just and proper.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

2.    **<u>SECOND CAUSE OF ACTION</u>:**

      a.    A judicial determination and declaration that Chubb is not excess to Travelers based on the "Other Insurance" Clause in the Chubb D&O Policy, that Chubb owes a primary duty to defend and indemnify the Mahathirath Action, and that Chubb's duty to provide defense and indemnity is a separate and independent duty that is not altered simply because Travelers owes the same duty;

      b.    Pre-judgment interest on all amounts of money due at the legal rate;

      c.    Costs of suit incurred; and

      d.    Such and further damage and relief as the Court may deem just and proper.

2    **<u>THIRD CAUSE OF ACTION</u>:**

      a.    A judicial determination and declaration that Chubb owes a duty to defend TriPac, TMI, and Mr. Fearns in the Mahathirath Action under the Chubb D&O Policy;

      b.    Pre-judgment interest on all amounts of money due at the legal rate;

      c.    Costs of suit incurred; and

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

FIRST AMENDED COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PAYNE & FEARS LLP**
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

    d.      Such and further damage and relief as the Court may deem just and proper.

    2    **<u>FOURTH CAUSE OF ACTION</u>:**

    a.      A judicial determination and declaration  the contractual-liability exclusion in Chubb's D&O Policy does not preclude coverage for TriPac and TMI in the Mahathirath Action;

    b.      Pre-judgment interest on all amounts of money due at the legal rate;

    c.      Costs of suit incurred; and

    d.      Such and further damage and relief as the Court may deem just and proper.

DATED:  June 18, 2021           PAYNE & FEARS LLP
                              Attorneys at Law

                              By:    */s/ Jared De Jong*
                                    J. KELBY VAN PATTEN
                                    JARED DE JONG

                              Attorneys for Plaintiffs TRIPACIFIC CAPITAL ADVISORS, LLC, TRIPACIFIC MANAGERS, INC., and GEOFFREY S. FEARNS

4840-5322-5455.1

-18-

**FIRST AMENDED COMPLAINT**

## **DEMAND FOR JURY TRIAL**

Pursuant to Local Rule 38-1 and Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs TriPacific Capital Advisors, LLC, TriPacific Managers, Inc., and Geoffrey S. Fearns respectfully request a jury trial on all issues so triable.


DATED:  June 18, 2021                    PAYNE & FEARS LLP
                                         Attorneys at Law

                                         By:    */s/ Jared De Jong*
                                                J. KELBY VAN PATTEN
                                                JARED DE JONG

                                         Attorneys for Plaintiffs TRIPACIFIC
                                         CAPITAL ADVISORS, LLC,
                                         TRIPACIFIC MANAGERS, INC., and
                                         GEOFFREY S. FEARNS

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-19-
FIRST AMENDED COMPLAINT