PAYNE & FEARS LLP
Attorneys at Law
J. Kelby Van Patten, Bar No. 167553
kvp@paynefears.com
Jared De Jong, Bar No. 260921
jdj@paynefears.com
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

Attorneys for Plaintiffs TRIPACIFIC
CAPITAL ADVISORS, LLC,
TRIPACIFIC MANAGERS, INC., and
GEOFFREY S. FEARNS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| TRIPACIFIC CAPITAL ADVISORS, LLC, a Delaware limited liability company; TRIPACIFIC MANAGERS, INC.; a California corporation; and GEOFFREY S. FEARNS, a California citizen, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL INSURANCE COMPANY, an Indiana corporation, <br><br> Defendant. | Case No. 8:21-cv-00919 (JVS) <br><br> **PLAINTIFF GEOFFREY S. FEARNS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> *Filed concurrently with Separate Statement of Uncontroverted Facts and Conclusions of Law; Request for Judicial Notice; Declarations of Geoffrey S. Fearns, Daniel M. Livingston, Jared De Jong, Robert J. Lieske; and [Proposed] Order* <br><br> Judge: Hon. James V. Selna <br> Date: November 8, 2021 <br> Time: 1:30 p.m. |

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on November 8, 2021, at 1:30 p.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable James V. Selna, located in the United States Courthouse, 411 West Fourth Street, Santa Ana, CA 92701-4516, Plaintiff Geoffrey S. Fearns ("Fearns") will and hereby does move this Court for Partial Summary Judgment against Federal Insurance Company ("Chubb").

This Motion for Partial Summary Judgment asks the Court to summarily adjudicate the following three issues:

1) Fearns seeks partial summary judgment on the Second Cause of Action for Declaratory Relief in the Second Amended Complaint that Chubb's obligation to defend and indemnify the Mahathirath Action is primary, and that Chubb's obligation to defend and indemnify the Mahathirath Action is not excess to Travelers' obligation by virtue of the "Other Insurance" Clause in the Chubb D&O Policy.

2) Fearns seeks partial summary judgment that Chubb lost the right to control Fearns' defense of the Mahathirath Action and select his defense counsel by virtue of its assertion that it occupied an "excess" position vis-à-vis Travelers and by refusing to mount and fund Fearns' defense on this basis; and

3) Fearns seeks partial summary judgement that Chubb may not artificially limit the billing rate of Fearns' selected defense counsel to the billing rate that Chubb imposes on its "panel counsel." Rather, Chubb is obligated to pay the reasonable and necessary costs of defense through Fearns' selected attorney, even if the reasonable billing rate is higher than Chubb's "panel rates."

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Separate Statement of Uncontroverted Facts and Conclusions of Law, Request for Judicial Notice, the Declarations of Geoffrey S. Fearns, Daniel M. Livingston, Robert J. Lieske, and Jared De Jong filed concurrently

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

herewith, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

Pursuant to Local Rule 7-3, this Motion is made following numerous meet-and-confer efforts between counsel for the parties, which first took place by written correspondence followed by subsequent, numerous telephonic communications, the last one occurring on September 10, 2021, all of which were unsuccessful in resolving the substance of this Motion.

DATED:  October 1, 2021          PAYNE & FEARS LLP


By:   _/s/ Jared De Jong_____
                J. KELBY VAN PATTEN
                JARED DE JONG

Attorneys for Plaintiffs TRIPACIFIC
CAPITAL ADVISORS, LLC,
TRIPACIFIC MANAGERS, INC., and
GEOFFREY S. FEARNS

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ........................................................................... 9

II.   STATEMENT OF FACTS ............................................................ 11

    A.    Chubb Issues a D&O Policy Covering Breaches of Duty. ............ 11

    B.    Travelers Issues an EPLI Policy Covering Allegations of Employment-Related Misconduct. ............................................ 12

    C.    Mahathirath Sues Insureds for Breach of Fiduciary Duty and Employment Causes of Action. ................................................. 12

    D.    Insureds Tender Their Defense of the Mahathirath Action to Chubb and Travelers. ............................................................... 13

    E.    Travelers Agrees to Defend Mahathirath's Employment Causes of Action But Refuses to Defend the Fiduciary-Duty Claim. .............. 13

    F.    Chubb Twice Denies Coverage Before Changing Its Mind and Agreeing to Defend Fearns Alone, But Only Against Mahathirath's Fiduciary-Duty Claim .................................... 14

    G.    Chubb Tries to Impose a Heavily-Discounted Billing Rate Used by "Panel Counsel." ............................................................ 15

III.  LEGAL STANDARD ................................................................ 16

IV.  ARGUMENT .............................................................................. 16

    A.    Chubb Is Not Excess to Travelers. .......................................... 16

        1.    Chubb's "Other Insurance" Clause Does Not Apply Because Chubb and Travelers Do Not Insure the "Same Risk". ................................................................ 16

        2.    An Insurer Cannot Enforce an "Other Insurance" Clause to Deny the Insured Its Right to Defense and Indemnity. .............. 19

            (a)    Chubb and Travelers Each Owe a Duty to Fully Defend Fearns Against the Entire Mahathirath Action. ....................................................... 19

            (b)    Chubb's Other-Insurance Clause Does Not Change Its Duty to Fully Defend Fearns Against the Entire Mahathirath Action. .......................................... 20

    B.    Chubb Lost the Right to Control Fearns' Defense of the Mahathirath Action by Taking an Excess Position. ....................... 22

        1.    California Law: A Breaching Insurer Loses the Right to Control. ........................................................... 22

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

1

# TABLE OF CONTENTS
## (Continued)

2                                                                                                   **Page**

3        2.    There Is No Factual Dispute: Chubb Breached by Wrongly
Claiming It Is an Excess Insurer and by Refusing to
4    Perform on that Basis .......................................................................... 25

5    C.    Chubb Must Pay the Reasonable and Necessary Costs of
Defense; Chubb Cannot Impose the Billing Rates Used by
6    "Panel Counsel." ................................................................................... 26

7  V.    CONCLUSION ............................................................................................... 29

8

9

10

11

12

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Aerosafe Int'l, Inc. v. Itt Hartford of Midwest*,
   C-92-1532 MHP, 1993 WL 299372 (N.D. Cal. July 23, 1993) ........................ 16

*Fed. Ins. Co. v. Firemen's Ins. Co. of Washington, D.C.*,
   769 F. Supp. 2d 865 (D. Md. 2011) ..................................... 9

*Foxfire, Inc. v. New Hampshire Ins. Co.*,
   C-91-2940 MHP ARB, 1994 WL 361815 (N.D. Cal. July 1, 1994) .............. 15

*Hieu Pham v. Bast*, No. 17-CV-04194-WHO,
   2018 WL 4003387 (N.D. Cal. Aug. 22, 2018) ................................ 10

*Lund v. Albrecht*,
   936 F.2d 459 (9th Cir. 1991) ............................................ 11

*MGA Ent., Inc. v. Hartford Ins. Co. of the Midwest*,
   2010 WL 11468788 (C.D. Cal. Feb. 10, 2010) ............................... 21

*St. Louis Dressed Beef & Provision Co. v. Maryland Cas. Co.*,
   201 U.S. 173 (1906) ..................................................... 15

*Tarin v. Cty. of L.A.*,
   123 F.3d 1259 (9th Cir. 1997) ............................................. 8

*Travelers Indem. Co. of Conn. v. Centex Homes*, No. 11-CV-03638-SC,
   2015 WL 5836947 (N.D. Cal. Oct. 7, 2015) ................................. 14

*Travelers Indem. Co. of Connecticut v. Hudson Ins. Co.*,
   442 F. Supp. 3d 1259 (E.D. Cal. 2020) ..................................... 9

*Travelers Prop. Cas. Co. of Am. v. Centex Homes*, No. 11-3638-SC,
   2013 WL 4528937 (N.D. Cal. Aug. 26, 2013) ............................ 14, 16

**California Cases**

*Aerojet-Gen. Corp. v. Transport Indem. Co.*,
   17 Cal. 4th 38 (1997) ................................................... 11

*Allstate Ins. Co. v. Interbank Fin. Servs.*,
   215 Cal. App. 3d 825 (1989) .............................................. 9

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1

2

## <u>TABLE OF AUTHORITIES</u>
### (Continued)

<u>Page</u>

3

4

*Amato v. Mercury Cas. Co.*,
    18 Cal. App. 4th 1784 (1993)...................................................................18

5

6

*Arenson v. Nat'l Auto. & Cas. Ins. Co.*,
    48 Cal. 2d 528 (1957)..............................................................................18

7

8

*Armstrong World Ind., Inc. v. Aetna Cas. & Surety Co.*,
    45 Cal. App. 4th 1 (1996)........................................................................11

9

*Buss v. Superior Court*,
    16 Cal. 4th 35 (1997).........................................................11, 12, 17, 18

10

11

*Caminetti v. Manierre*,
    23 Cal. 2d 94 (1943)................................................................................16

12

13

*Campbell v. Superior Court*,
    44 Cal. App. 4th 1308 (1996)..................................................................20

14

15

*Carmel Dev. Co. v. RLI Ins. Co.*,
    126 Cal. App. 4th 502 (2005)....................................................................9

16

17

*Century Sur. Co. v. United Pac. Ins. Co.*,
    109 Cal. App. 4th 1246 (2003)..................................................................8

18

19

*Certain Underwriters at Lloyds, London v. Arch Spec. Ins. Co.*,
    246 Cal. App. 4th 418 (2016).............................................................12, 13

20

21

*Columbia S. Chem. Corp. v. Manufacturers & Wholesalers Indem.*
    *Exch.*,
    190 Cal. App. 2d 194 (1961)....................................................................20

22

23

*Crane v. E. Side Canal & Irr. Co.*,
    6 Cal. App. 2d 361 (1935)........................................................................16

24

25

*Dart Industries Inc. v. Commercial Union Insurance Company*,
    28 Cal. 4th 1059 (2002).......................................................................12, 13

26

27

*Eigner v. Worthington*,
    57 Cal. App. 4th 188 (1997)....................................................................14

28

*Emerald Bay Community Ass'n v. Golden Eagle Ins. Corp.*,
    130 Cal. App. 4th 1078 (2005)................................................................18

PAYNE & FEARS LLP

ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-6-

**TABLE OF AUTHORITIES**
(Continued)

**Page**

*Galardi v. State Bar*,
43 Cal. 3d 683 (1987) ..................................................................... 11

*Hartford Cas. Ins. Co. v. J.R. Mktg., L.L.C.*,
61 Cal. 4th 988 (2015) .................................................................... 14

*Hinton v. Beck*,
176 Cal. App. 4th 1378 (2009) ........................................................ 15

*Horace Mann Ins. Co v. Barbara B.*,
4 Cal. 4th 1076 (1993) .................................................................... 20

In *Montrose Chem. Corp. v. Superior Ct. of Los Angeles Cty.*,
9 Cal. 5th 215 (2020) ...................................................................... 13

*Intergulf Dev. LLC v. Superior Court*,
183 Cal. App. 4th 16 (2010) ................................................ 14, 18, 21

*Marie Y v. General Star Indemnity Co.*,
110 Cal. App. 4th 928 (2003) .......................................................... 18

*O'Byrne v. Santa Monica-UCLA Med. Ctr.*,
94 Cal. App. 4th 797 (2001) ............................................................ 10

*Olympic Ins. Co. v. Emps. Surplus Lines Ins. Co.*,
126 Cal. App. 3d 593 (1981) ............................................................. 8

*Pac. Indem. Co. v. Bellefonte Ins. Co.*,
80 Cal. App. 4th 1226 (2000) ............................................................ 8

*State of California v. Cont'l Ins. Co.*,
15 Cal. App. 5th 1017 (2017) ........................................................... 13

*State v. Pacific Indem. Co.*,
63 Cal. App. 4th 1535 (1998) .................................................... 19, 20

*The Housing Group v. PMA Capital Ins. Co.*,
193 Cal. App. 4th 1150 (2011) ........................................................ 14

*Underwriters of Interest Subscribing to Policy No. A15274001 v.
ProBuilders Specialty Ins. Co.*,
241 Cal. App. 4th 721 (2015) .......................................................... 13

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

## TABLE OF AUTHORITIES
### (Continued)

**Page**

*Xebec Dev. Partners, Ltd. v. Nat'l Union Fire Ins. Co.*,
   12 Cal. App. 4th 501 (1993) .................................................................. 16

**Other State Cases**

*Hartford Cas. Ins. Co. v. Exec. Risk Specialty Ins. Co.*,
   No. 05-03-00546-CV, 2004 WL 2404382 (Tex. App. Oct. 28, 2004) ................ 9

*New York State Thruway Auth. v. KTA-Tator Eng'g Servs., P.C.*,
   78 A.D.3d 1566, 913 N.Y.S.2d 438 (2010) ........................................ 9

*Valley Forge Ins. Co. v. Zurich Am. Ins. Co.*,
   No. C 09-2007 SBA, 2011 WL 2748334, at *4 (N.D. Cal. July 14,
   2011) .............................................................................................. 8

**Federal Statutes**

Fed. R. Civ. P. 56 .............................................................................. 8

Fed. R. Civ. P. 56(a) ......................................................................... 8

**California Statutes**

California Civil Code
   § 2860 ...................................................................................... 2, 21

California Labor Code
   § 203 ............................................................................................. 5

**Other Authorities**

AMERICAN LAW REPORTS 49 A.L.R.2d 694 §§ 10, 14(b) ......................... 15

CALIFORNIA PRACTICE GUIDE: INSURANCE LITIGATION ¶ 7:631.1 (The
   Rutter Group 2011) ..................................................................... 11

RESTATEMENT OF CONTRACTS ............................................................ 15

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

# I.   INTRODUCTION

This Court should grant Plaintiff Geoffrey S. Fearns' Motion for Partial Summary Judgment and make the following three rulings:

- Chubb's[1] obligation to defend and indemnify Fearns is primary, and Chubb is not excess to Travelers by virtue of the "other insurance" clause in Chubb's policy;

- By refusing to mount and fund a defense on Fearns' behalf until after insurance from Travelers exhausts, Chubb lost the right to control Fearns' defense of the Mahathirath Action; and

- Because Chubb lost the right to control Fearns' defense, Chubb may not artificially limit the billing rate of Fearns' defense counsel to the billing rate that Chubb normally pays "panel counsel."

These issues are appropriate for early resolution at summary judgment.  There are no disputed facts, and no amount of future litigation will change the existence of Chubb's position that it is an excess insurer or the legal consequences that flow from Chubb refusing to mount and fund Fearns' defense based on this position.

First, Chubb's other-insurance clause does not convert Chubb's primary duty to defend into one that is excess and which triggers only upon exhaustion by Travelers.  Chubb has acknowledged that it owes a duty to defend Fearns.  Despite acknowledging a defense obligation, Chubb has taken the position that its other-insurance clause makes Chubb an excess insurer, and that Chubb must defend Fearns only after Travelers (a co-insurer that also acknowledged a duty to defend certain employment-related claims) exhausts.  This argument fails because Chubb and Travelers do not insure the "same risk," a necessary prerequisite for making an "other-insurance" argument.  Chubb issued a D&O policy covering breaches of duty; Travelers issued an EPLI policy covering employment-related misconduct. Chubb has

PAYNE & FEARS LLP

ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

---

[1] "Chubb" refers to Defendant Federal Insurance Company.

PAYNE & FEARS LLP

ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1   agreed to defend Fearns against Mahathirath's fiduciary-duty claim but nothing else;

2   Travelers has agreed to defend the employment claims but not the fiduciary-duty

3   claim.  Chubb is the only insurer with an acknowledged duty to defend the fiduciary-

4   duty claim.  Even if Chubb and Travelers insured the same risk (which they do not),

5   Chubb's other-insurance position contradicts California law.  Other-insurance clauses

6   cannot be used to limit coverage to an insured.  In fact, other-insurance clauses cannot

7   be enforced against insureds at all.  At most, other-insurance clauses impact co-

8   insurers' rights against each other for equitable contribution, which is not the issue

9   here.  No California case law supports Chubb's position that it is an excess insurer.

10      Second, Chubb's wrongful assertion that it is excess based on an other-

11  insurance clause, and Chubb's refusal to mount and fund Fearns' defense based solely

12  on this erroneous position, breaches the duty to defend.  The legal consequence of

13  Chubb's breach is straightforward:  Chubb loses whatever right it may have otherwise

14  had to control Fearns' defense of the Mahathirath Action.

15      Third, Chubb cannot limit its defense obligation to the billing rate that Chubb

16  pays "panel counsel," i.e., attorneys regularly hired by Chubb to defend an insured

17  (typically at a highly reduced price), which are significantly lower than the rates that

18  Fearns is paying his chosen counsel.  There are only two situations where an insurer

19  can impose panel rates: (1) where an insurer fully honors the duty to defend and hires

20  defense counsel, in which case the billing rate becomes a function of negotiation

21  between the insurer and counsel; and (2) where an insurer provides independent

22  counsel under California Civil Code § 2860, and the billing rates are set by statute.

23  These exceptions do not apply here.  Chubb has refused to mount and fund a defense

24  based on its other-insurance clause, and Chubb did not hire Fearns' counsel.

25  Furthermore, section 2860's rate cap is not available to Chubb following its refusal to

26  mount and fund Fearns' defense.  Chubb is therefore responsible for the reasonable

27  and necessary costs of defense.  The billing rate that Chubb would normally pay

28  counsel that Chubb itself hires does not establish the scope of Chubb's financial

1   obligation to Fearns or the reasonable cost of defending the Mahathirath Action.

2   **II.     STATEMENT OF FACTS**

3       **A.     Chubb Issues a D&O Policy Covering Breaches of Duty.**

4           Plaintiff Geoffrey S. Fearns ("Fearns") is the President of Plaintiff TriPacific

5   Capital Advisors, LLC ("TriPac") and the owner of Plaintiff TriPacific Managers,

6   Inc. ("TMI").[2] (Separate Statement of Uncontroverted Facts ("SSUF") No. 1.)  TriPac

7   is a financial services company based in Orange County, California that manages

8   institutional capital for residential construction projects.  (SSUF No. 2.)

9           Defendant Federal Insurance Company ("Chubb") is a subsidiary of one of the

10  world's largest property and casualty insurance companies.[3]  Chubb issued a directors

11  and officers liability insurance policy to TriPac, under which Fearns and TMI are

12  insured (the "Chubb D&O Policy"). (SSUF Nos. 3-6.)   Chubb's D&O Policy has

13  limits of $5 Million.  (SSUF No. 7.)   In its insuring agreement, Chubb agrees to

14  indemnify any "**Wrongful Act**," which Chubb defines, among other things, as an

15  "error, misstatement, misleading statement, act, omission, neglect, or breach of duty."

16  (SSUF No. 8.)

17          Chubb's D&O policy contains a "Duty to Defend" endorsement that obligates

18  Chubb to defend a third-party claim seeking an award of damages potentially covered

19  by the policy, and which states that "it shall be the duty of the Company and not the

20  duty of the **Insured** to defend **Claims** made against the **Insured**."   (SSUF No. 9.)

21  This endorsement contains an "Allocation" provision, stating that if a claim is

22  partially covered because there are non-covered allegations or defendants, Chubb will

23  treat 100% of the insured's reasonable defense costs as a covered **Loss**, with no

24  allocation based on coverage.  (SSUF Nos. 10-12.)

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

---

[2] TriPac, TMI, and Fearns are referred to collectively as the "Insureds."

[3] Because all claims-handling decisions and communications are centralized within its parent company, Federal Insurance Company is referred to as "Chubb."

Chubb's D&O Policy contains an "other insurance" clause, which states that Chubb is excess to other insurance "whether such other insurance is stated to be primary, contributory, excess, contingent or otherwise, . . . ." (SSUF No. 13.) But Chubb is not an excess insurer; Chubb's obligation to defend and indemnify against breach of duty claims is a primary obligation that triggers immediately. (SSUF No. 14.)

### B. Travelers Issues an EPLI Policy Covering Allegations of Employment-Related Misconduct.

Travelers issued an Employment Practices Liability Insurance policy to TriPac that extends coverage to Fearns and TMI as insureds (the "Travelers EPLI Policy"). (SSUF Nos. 15-16.) Travelers' EPLI policy has limits of $1 Million. (SSUF No. 17.) In its insuring agreement, Travelers agrees to indemnify any "**Wrongful Employment Practice**," which Travelers' EPLI policy defines, in part, to include various types of employment-related misconduct. (SSUF No. 18.) Like Chubb's D&O policy, Travelers' EPLI policy contains a standard duty-to-defend provision. (SSUF No. 19.) Travelers' duty to defend is also a primary obligation; Travelers did not issue an excess policy. (SSUF No. 20.)

### C. Mahathirath Sues Insureds for Breach of Fiduciary Duty and Employment Causes of Action.

On November 17, 2020, Tom Mahathirath and TFM Advisors, Inc. (collectively, "Mahathirath") filed a complaint against the Insureds in Orange County Superior Court, Case No. 30-2020-01170513-CU-BC-CJC. The Superior Court subsequently ordered the Mahathirath Action into arbitration and stayed litigation in Superior Court. (SSUF No. 21.) On August 22, 2021, Mahathirath filed a cross-complaint against the Insureds in JAMS Case No. 1200057704, which contains the same causes of action by and against the same parties and asserts identical factual allegations as the complaint that Mahathirath filed in Orange County Superior Court. (SSUF Nos. 21-22.) The complaint filed in the Superior Court lawsuit and the cross-

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-12-

complaint filed in the JAMS Arbitration are referred to collectively as the "Mahathirath Action."

The Mahathirath Action asserts eight causes of action, although Fearns is a named defendant for only four of those causes of action: Breach of Fiduciary Duties, Equitable Accounting, Constructive Trust, and Declaratory Relief. The four remaining causes of action are asserted against TriPac alone: Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Failure to Pay Earned Wages, and Labor Code Section 203 Penalties. Tom Mahathirath was a former executive at TriPac, and the Mahathirath Action seeks compensatory damages totaling "not less than $8.9 million." (SSUF No. 23-24.)

### D.   Insureds Tender Their Defense of the Mahathirath Action to Chubb and Travelers.

The Insureds tendered the Mahathirath Action to Chubb and Travelers requesting an immediate defense. (SSUF Nos. 25 and 26.) The Insureds also retained Daniel M. Livingston and Jeffrey K. Brown to defend the Mahathirath Action. (SSUF No. 27.) The Insureds agreed to pay defense counsels' standard billing rates. (SSUF No. 28.)

### E.   Travelers Agrees to Defend Mahathirath's Employment Causes of Action But Refuses to Defend the Fiduciary-Duty Claim.

Travelers responded by agreeing, subject to a reservation of rights, to defend all Insureds against Mahathirath's employment-related claims. (SSUF No. 29.) Travelers expressly excluded from its defense, however, Mahathirath's fiduciary-duty claim, along with claims for breach of the implied covenant of good faith and fair dealing, equitable accounting, and constructive trust. (SSUF No. 30.) Travelers contends the fiduciary-duty claim and the others do not constitute a "**Wrongful Employment Practice**." (SSUF No. 31.)

The Insureds tried to negotiate a defense-funding agreement with Travelers and Chubb, in which the burden of defense was shared between these two defending

PAYNE & FEARS LLP

ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1   insurers.  (SSUF Nos. 32-33.)    However, after Chubb refused to contribute to the

2   defense based on Chubb's other insurance clause, the Insureds agreed to a partial

3   funding agreement with Travelers, whereby Travelers would pay less than half of

4   what the Insureds are actually incurring for their defense.  (SSUF No. 34.)  Travelers

5   did not appoint defense counsel. (SSUF No. 35.)   Even with the compromise that the

6   Insureds reached with Travelers, the disparity between Travelers' payments and the

7   actual fees incurred leaves the Insureds with a substantial financial obligation for the

8   defense.[4]

9        **F.**   **Chubb Twice Denies Coverage Before Changing Its Mind and**

10          **Agreeing to Defend Fearns Alone, But Only Against Mahathirath's**

11          **Fiduciary-Duty Claim.**

12         Chubb initially refused to defend.  Chubb issued an initial letter arguing that

13  coverage for the Mahathirath Action was precluded by the "employment practices

14  exclusion" in Chubb's D&O policy. (SSUF Nos. 37-38.)     Chubb also took the

15  position that, even if the employment practices exclusion did not apply, coverage for

16  TriPac and TMI (but not Fearns) was precluded by a "contractual-liability exclusion."

17  (SSUF No. 37-38.)   The Insureds requested reconsideration.  (SSUF No. 39.)   In

18  response, Chubb again denied coverage. (SSUF No. 40.)    The Insureds again

19  requested reconsideration. (SSUF No. 41.)

20         Chubb eventually provided a third coverage letter, in which Chubb reversed its

21  prior position and acknowledged the existence of a duty to defend; but Chubb agreed

22  to defend Fearns alone and only with respect to the fiduciary-duty claim.[5]  (SSUF

23  Nos. 42-44.)   Despite an express acknowledgment that it owed a duty to defend,

24

25         [4] As of today's date, Travelers has paid no money toward defense costs, and

26  the Insureds have funded their own defense. These fees are not discounted or

27  contingent upon payment by an insurance carrier or any third party. (SSUF No. 36.)

         [5] Chubb's still refuses to acknowledge coverage for TriPac and TMI. However,

28  coverage for TriPac and TMI is not raised by this Motion.

PAYNE & FEARS LLP

ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1   Chubb argued that it owed no duty to actually mount and fund Fearns' defense.

2   Instead, Chubb claimed that it need not pay defense costs until and unless Fearns

3   exhausts the $1 Million policy limit from the Travelers ELPI Policy.   Chubb's

4   position is predicated on its "other-insurance" clause.  (SSUF No. 45.)

5   Fearns again requested reconsideration pointing out that Chubb and Travelers

6   do not insure the "same risk," and that an uncontradicted line of California cases hold

7   that other-insurance clauses do not apply to insureds. (SSUF No. 46.)   Chubb

8   responded by doubling down.   (SSUF No. 47.)   In its final claims-handling

9   communication, Chubb told Fearns that it's D&O Policy covered the "same risk" as

10  the Travelers EPLI Policy because both contained a duty-to-defend provision,

11  contending that the "common risk" being covered is providing a legal defense to a

12  claim, regardless of the nature of the liability covered by the policy. (SSUF No. 47.)

13  Chubb also asserted that the California cases holding that other-insurance clauses

14  cannot be enforced against insureds were distinguishable but did not offer a single

15  case supporting its position.  (SSUF No. 47.)

16  **G.    Chubb Tries to Impose a Heavily-Discounted Billing Rate Used by**

17  **"Panel Counsel."**

18  Given Chubb's intransience and its refusal to join with Travelers, Fearns was

19  forced to file this action to secure the defense that even Chubb admits is owed.  (ECF

20  Nos. 1 and 23.) Although Chubb continues to insist that it is an "excess" insurer,

21  Chubb has also suggested that any obligation to defend Fearns would be limited to

22  the billing rate that Chubb pays "panel counsel," i.e., the attorneys that Chubb

23  normally hires to defend Chubb insureds, usually at a heavily discounted billing rate.

24  (SSUF No. 48.)

25  Specifically, Chubb has suggested that, at most, Chubb's defense obligation

26  would be limited to paying the difference between the compromised rates that

27  Travelers has agreed to pay and Chubb's slightly higher "panel rates"; this would

28  result in Chubb paying roughly $40 - $50 per hour toward the defense.  (SSUF No.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-15-

49.)  This trivial difference would still result in a large shortfall between the rates that Fearns is actually incurring and the amounts for which he is being reimbursed.

## III.   LEGAL STANDARD

Summary judgment is appropriate under Rule 56 when the evidence, viewed in the light most favorable to the nonmoving party, shows there is no genuine issue as to any material fact.  *Tarin v. Cty. of L.A.*, 123 F.3d 1259, 1263 (9th Cir. 1997);  Fed. R. Civ. P. 56(a).  Under Rule 56(a) the Court may also dispose of specific factual issues, i.e., "the part of each claim," as it is asked to do here.

## IV.   ARGUMENT

### A.   Chubb Is Not Excess to Travelers.

#### 1.   Chubb's "Other Insurance" Clause Does Not Apply Because Chubb and Travelers Do Not Insure the "Same Risk".

Chubb's other-insurance argument fails because Chubb and Travelers do not insure the same risk.   No further analysis is required.

Many liability insurance policies contain "other-insurance" clauses, which seek to limit the insurer's obligation if another insurance policy covers the *same risk*. *Olympic Ins. Co. v. Emps. Surplus Lines Ins. Co.*, 126 Cal. App. 3d 593, 598 (1981). That is clearly not the case here, and an other-insurance clause does not turn a primary insurer into an excess insurer that provides secondary coverage:  Excess insurance policies which trigger upon the exhaustion of specifically identified underlying insurance policies are different than primary insurance policies containing an other-insurance clause; a primary insurer with an other-insurance clause is not an excess insurer. *Century Sur. Co. v. United Pac. Ins. Co.*, 109 Cal. App. 4th 1246, 1255 (2003); *Pac. Indem. Co. v. Bellefonte Ins. Co.*, 80 Cal. App. 4th 1226, 1235 (2000) ("notwithstanding the excess-only nature of Pacific's other-insurance clause, both it and Bellefonte were primary insurers on the same risk"); *Valley Forge Ins. Co. v. Zurich Am. Ins. Co.*, No. C 09-2007 SBA, 2011 WL 2748334, at *4 (N.D. Cal. July 14, 2011) ("A true excess or secondary insurance policy is different than a primary

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

insurance policy containing an 'other insurance clause.'").

To be applicable at all, other-insurance clauses require that multiple insurers cover the _same risk_.  If the risks are _different_, "other insurance" language is inapplicable.  _Carmel Dev. Co. v. RLI Ins. Co._, 126 Cal. App. 4th 502, 509 (2005) ("Only if the two policies were insuring the same risk at the same level of coverage will we proceed to determine whether the 'other insurance' clauses conflicted and thus required equitable proration.").

The _risk_ means the indemnity obligation found in the insuring agreement. That is the risk being insured.  _Allstate Ins. Co. v. Interbank Fin. Servs._, 215 Cal. App. 3d 825, 831 (1989) ("the insurer who issues a policy for errors and omissions insures against a far different risk than that insured against here [general liability insurance].");  _Travelers Indem. Co. of Connecticut v. Hudson Ins. Co._, 442 F. Supp. 3d 1259, 1269 (E.D. Cal. 2020) (ruling that a commercial general liability insurer cannot maintain an equitable contribution theory against a professional liability insurer because the two "do not insure ... against the same risk").

The _risk_ is not the action that an insurer must take once coverage is triggered, i.e., defend and indemnify the insured.  If the insured risk could be characterized as simply providing a defense (as Chubb has argued during claims handling), then every liability policy of every stripe containing a duty to defend would insure the same risk, regardless of the indemnity provided by the insuring agreement.  Chubb's argument finds no support in case law and defies common sense.

Courts from across the county have determined that two liability insurance policies can cover different risks regardless of whether or not the policies both contain a duty to defend.  _See, e.g., Hartford Cas. Ins. Co. v. Exec. Risk Specialty Ins. Co._, No. 05-03-00546-CV, 2004 WL 2404382, at *2 (Tex. App. Oct. 28, 2004); _New York State Thruway Auth. v. KTA-Tator Eng'g Servs., P.C._, 78 A.D.3d 1566, 1568, 913 N.Y.S.2d 438, 440-41 (2010); _Fed. Ins. Co. v. Firemen's Ins. Co. of Washington, D.C._, 769 F. Supp. 2d 865, 876 (D. Md. 2011).

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP

ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

Here, Chubb and Travelers do not remotely insure the same risk. Chubb is a D&O insurer; Travelers provides EPLI coverage. Chubb's insuring agreement covers a "breach of duty." Travelers' insuring agreement covers the risk of a "**Wrongful Employment Practice**," which does not include a breach of duty of fiduciary duty. That Chubb and Travelers do not insure the same risk is confirmed by how they responded to the Mahathirath Action. Chubb agreed to defend Mahathirath's fiduciary-duty claim and only that claim. Travelers refused to defend Mahathirath's fiduciary-duty claim but agreed to defend all employment claims. Chubb is the only insurer with an acknowledged duty to defend Fearns against Mahathirath's fiduciary-duty claim.

In any event, Fearns is not even a named defendant for Mahathirath's employment claims: Fearns is not a named defendant for the breach-of-contract claim; Fearns is not a named defendant for the breach-of-the-implied-covenant claim; Fearns is not a named defendant for the failure-to-pay-wages claim; and Fearns is not a named defendant for the Labor-Code-Section-203 claim.[6]  There is no overlap whatsoever between the employment claims that Travelers has agreed to defend and the single, fiduciary-duty claim that Chubb has agreed to defend.

This makes sense. Mahathirath's fiduciary-duty allegations against all Insureds are inconsistent with an employment relationship. Employers do not owe fiduciary obligations to employees because the employment relationship does not give rise to a fiduciary duty. *O'Byrne v. Santa Monica-UCLA Med. Ctr.*, 94 Cal. App. 4th 797, 811-12 (2001) ("In general, employment-type relationships are not fiduciary relationships."); *Hieu Pham v. Bast*, No. 17-CV-04194-WHO, 2018 WL 4003387, at *5 (N.D. Cal. Aug. 22, 2018) ("Supervisor-employee relationships are not fiduciary relationships under California law."). Partners owe fiduciary duties to other partners.

---

[6] Travelers has refused to defend Fearns against Mahathirath's constructive-trust and equitable-accounting claims. (SSUF Nos. 30-31.)

*Lund v. Albrecht*, 936 F.2d 459, 463 (9th Cir. 1991) ("co-partners, under California law, owe a duty of good faith and a fiduciary duty to each other"). And joint ventures owe each other fiduciary duties. *Galardi v. State Bar*, 43 Cal. 3d 683, 691 (1987) ("It is equally well established that a joint venturer owes fiduciary duties to his coventurers.").

Even if one were to assume that Chubb's other-insurance clause were capable of being applied against Fearns, Chubb's position that it is an excess insurer would still fail because Chubb insures a different risk than Travelers, so there can be no other-insurance dispute in the first instance.

## 2. An Insurer Cannot Enforce an "Other Insurance" Clause to Deny the Insured Its Right to Defense and Indemnity.

California law is both explicit and unequivocal - Chubb's other-insurance clause cannot be enforced against Fearns. Chubb owes a duty to fully defend Fearns against the Mahathirath Action, irrespective of its other-insurance language and even if Travelers owes the same duty.

### (a) Chubb and Travelers Each Owe a Duty to Fully Defend Fearns Against the Entire Mahathirath Action.

Where more than one insurer owes a duty to defend, each insurer is separately obligated to provide a full defense: "[T]he insurers each had a duty to defend all the . . . actions in their entirety—to be precise, each had such a duty separate and independent from the other." *Aerojet-Gen. Corp. v. Transport Indem. Co.*, 17 Cal. 4th 38, 70 (1997). As the leading treatise explains, "When several insurers share the risk, each owes a duty to defend the entire action." California Practice Guide: Insurance Litigation ¶ 7:631.1 (The Rutter Group 2011). Furthermore, the insured may select any single insurer to defend the insured entirely by paying 100% of the defense costs. *Armstrong World Ind., Inc. v. Aetna Cas. & Surety Co.*, 45 Cal. App. 4th 1, 48-55 (1996). Even though an insurer must defend the entire lawsuit, the contractual duty to defend only runs to claims that are potentially covered. *Buss v.*

PAYNE & FEARS LLP

ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1 *Superior Court*, 16 Cal. 4th 35, 48-49 (1997).  In a "mixed case," where some claims

2 are potentially covered and some are not, the Supreme Court recognized that it would

3 be impracticable for an insurer to parse claims based on coverage.  Therefore, an

4 insurer owes a "prophylactic" duty to defend an entire action.  *Id.*

5       Here, Chubb's and Travelers' contractual duty to defend only runs to claims

6 that are potentially covered by their policies, even though they both owe a

7 prophylactic duty to defend Fearns against the entire Mahathirath Action.  In the case

8 of Chubb, it is the fiduciary-duty claim; in the case of Travelers, these are the

9 employment claims.[7]  But Chubb's duty to defend Fearns is separate and independent

10 from Travelers'.

      **(b)**      **Chubb's Other-Insurance Clause Does Not Change Its**

12                     **Duty to Fully Defend Fearns Against the Entire**

13                     **Mahathirath Action.**

14       Other-insurance clauses do not change these well-established rules that apply

15 where more than one insurer owes a duty to defend.

16       This is because California does not enforce other-insurance clauses against

17 insureds.  In *Dart Industries Inc. v. Commercial Union Insurance Company*, 28 Cal.

18 4th 1059 (2002), the California Supreme Court explained that whatever effect an

19 other-insurance clause has on an insurer's contribution rights, it has no impact

20 whatsoever on the insured: "[A]pportionment among multiple insurers must be

21 distinguished from apportionment between an insurer and its insured. When multiple

22 policies are triggered on a single claim, the insurers' liability is apportioned pursuant

23 to the 'other insurance' clauses of the policies or under the equitable doctrine of

24 contribution.  That apportionment, however, has no bearing upon the insurers'

25 obligations to the policyholder." *Id.* at 1080.  *Dart's* reasoning has been confirmed

26 and applied by other California courts.  *See Certain Underwriters at Lloyds, London*

27

28       [7] More specifically, this is the employment-related declaratory relief claim.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1    *v. Arch Spec. Ins. Co.*, 246 Cal. App. 4th 418, 429-30 (2016); *State of California v.*
2    *Cont'l Ins. Co.*, 15 Cal. App. 5th 1017 (2017).

3           For example, in *Continental*, the insurer argued that it owed no coverage based
4    on an other-insurance clause.  Relying on *Dart*, the Court of Appeal rejected the
5    insurer's argument: "[O]ther-insurance clauses are intended to apply in contribution
6    actions between insurers, not in coverage litigation between insurer and insured."
7    *Continental*, 15 Cal. App. 5th. at 1032.  In *Continental*, the insurer made precisely the
8    same argument that Chubb made during claims handling.  The insurer in *Continental*
9    argued that *Dart's* holding about other-insurance clause not applying to insureds was
10   dicta because *Dart* involved a lost insurance policy.  The Court of Appeal disagreed:
11   "[T]he language that we have quoted was not dictum. The Supreme Court was
12   explaining why it did not need to know whether a lost primary policy had an other-
13   insurance clause to determine whether the issuer had a duty to indemnify its insured."
14   *Id.* at 1033.[8]

15          Not only are other-insurance clause unenforceable against insureds, but the
16   modern trend even in equitable contribution cases is to reject other-insurance clauses
17   entirely. *Certain Underwriters at Lloyds*, 246 Cal. App. 4th 429-30; *Underwriters of*
18   *Interest Subscribing to Policy No. A15274001 v. ProBuilders Specialty Ins. Co.*, 241
19   Cal. App. 4th 721, 729-30 (2015).

20          Here, Chubb's other-insurance clause, regardless of the language used, cannot
21   be enforced against Fearns.  Chubb is not a true excess insurer, and there is no basis
22   under California law to support Chubb's position that its other-insurance clause
23   converts Chubb's primary duty to defend into one that is excess to Travelers.  The
24   Insureds are aware of no California case after *Dart* that even remotely supports
25
26       [8] In *Montrose Chem. Corp. v. Superior Ct. of Los Angeles Cty.*, 9 Cal. 5th 215,
27   232 (2020), the Supreme Court declined to address "whether *Dart* meant to set out a
     categorical view of the meaning of 'other insurance' clause" because the insurer's
28   other-insurance argument failed even without reference to *Dart*.

PAYNE & FEARS LLP

ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

Chubb's position that its other-insurance clause can be used to deny Fearns the primary defense that was purchased with premiums.

**B.    Chubb Lost the Right to Control Fearns' Defense of the Mahathirath Action by Taking an Excess Position.**

**1.    California Law:  A Breaching Insurer Loses the Right to Control.**

A breaching insurer loses its right to control the insured's defense.

California law has long recognized that when an insurer breaches its duty to defend, "the insured is relieved of his or her obligation to allow the insurer to manage the litigation and may proceed in whatever manner is deemed appropriate." *Eigner v. Worthington*, 57 Cal. App. 4th 188, 196 (1997).  "Breach of the duty to defend also results in the insurer's forfeiture of the right to control defense of the action or settlement . . .." *Intergulf Dev. LLC v. Superior Court*, 183 Cal. App. 4th 16, 20, (2010).  In other words, the insurer "gives up the right to control the defense and cannot condition its payment of attorney['s] fees on the insured's use of a particular defense counsel." *The Housing Group v. PMA Capital Ins. Co.*, 193 Cal. App. 4th 1150, 1157 (2011).

The rule that a breaching insurer loses the right to control is well settled and was recently confirmed by the California Supreme Court: "[W]here . . . the insurer wrongfully[9] refused to defend the insured . . . the insured may proceed as he or she deems appropriate, and the insurer forfeits all right to control the policyholder's defense, including the right to determine litigation strategy." *Hartford Cas. Ins. Co. v. J.R. Mktg., L.L.C.*, 61 Cal. 4th 988, 997, 1002 (2015); *Travelers Indem. Co. of Conn. v. Centex Homes*, No. 11-CV-03638-SC, 2015 WL 5836947, at *4 (N.D. Cal. Oct. 7, 2015) ("*J.R. Marketing* stands for the proposition that an insurer loses its right

---

[9] "Wrongful" just means incorrect; it does not mean the insurer acted with scienter or in bad faith. *Travelers Prop. Cas. Co. of Am. v. Centex Homes*, No. 11-3638-SC, 2013 WL 4528917, at *5 (N.D. Cal. Aug. 26, 2013).

to control the insured's defense upon breach of its duty to defend.").  This is also the majority rule outside California.  49 A.L.R.2d 694 §§ 10, 14(b).

This rule is nothing more than black-letter contract law applied to insurance. When a party breaches a contract, the other party's obligations are discharged.  As the Restatement explains, "a party's uncured material failure to perform or to offer to perform not only has the effect of suspending the other party's duties but, when it is too late for the performance or the offer to perform to occur, the failure also has the effect of discharging those duties." RESTATEMENT OF CONTRACTS (2D) § 242, COMMENT A. (citations omitted).

It makes no difference whether one relies on principles of waiver or the contract principle of material breach to conclude that a breaching insurer loses its rights with respect to the defense and cannot insist that the insured surrender control; either way, the insurer loses its rights relating to the defense but not the obligation to pay for it. As Oliver Wendell Holmes once explained:

> [T]he defendant, by its refusal [to defend], cut at the very root of the mutual obligation, and put an end to its right to demand further compliance with the supposed term of the contract on the other side. . . .  [I]t makes no practical difference, no difference in the amount of the defendant's liability, whether we say that the defendant, by its conduct, made performance of the conditions by the plaintiff impossible, and therefore was chargeable for the sum which it would have had to pay if those conditions had been performed, or answer . . . that performance of the conditions was waived. . . .  The defendant, by its abdication, put the plaintiff in its place, with all its rights.

*St. Louis Dressed Beef & Provision Co. v. Maryland Cas. Co.*, 201 U.S. 173, 181-82 (1906).

Losing the right to control does not depend on denying coverage, although this is the most obvious way to breach the duty to defend, and it is what Chubb did here. *Hinton v. Beck*, 176 Cal. App. 4th 1378, 1384 (2009) ("[B]y its denial, the insurer has lost its right to control the litigation."); *Foxfire, Inc. v. New Hampshire Ins. Co.*, C-

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

91-2940 MHP ARB, 1994 WL 361815 (N.D. Cal. July 1, 1994) ("[W]hen an insurance company wrongfully fails to defend an insured, thereby forcing the insured to hire its own counsel, the insurer forgoes any right to control the litigation, and cannot insist that plaintiff use a particular firm."); *Aerosafe Int'l, Inc. v. Itt Hartford of Midwest*, C-92-1532 MHP, 1993 WL 299372 (N.D. Cal. July 23, 1993) ("Having refused Aerosafe's tender of defense, Hartford 'gave up the right to control the litigation.'").

The insured need not wait until it suffers the full effects of the insurer's breach. An insurer can breach the duty to defend anticipatorily by repudiating its defense obligation. *Caminetti v. Manierre*, 23 Cal. 2d 94, 104 (1943) (applying the doctrine of anticipatory breach to an insurance policy); *Xebec Dev. Partners, Ltd. v. Nat'l Union Fire Ins. Co.*, 12 Cal. App. 4th 501, 531 (1993) (rejecting the argument that an insurer cannot anticipatorily repudiate policy obligations). "An anticipatory breach of contract occurs on the part of one of the parties to the instrument when he positively repudiates the contract by acts or statements indicating that he will not or cannot substantially perform essential terms thereof  . . .." *Crane v. E. Side Canal & Irr. Co.*, 6 Cal. App. 2d 361, 367 (1935).

A breaching insurer may not subsequently cure and reassert control.  In *Travelers Prop. Cas. Co. of Am. v. Centex Homes*, No. 11-3638-SC, 2013 WL 4528937 (N.D. Cal. Aug. 26, 2013), the court was asked to decide whether an insurer that breached its duty to defend "can ever regain control over its insured['s] defense after it initially refuses to provide coverage." *Id.* at *4.  The court concluded that an insurer's belated attempt to defend after initially refusing coverage did not cure the breach and did not entitle the insurer to retake control of the insured's defense, since "an insurer may not control the defense of its insured, which includes controlling the selection of counsel, after the insurer breaches its duty to defend." *Id.* at *6.

2.  **There Is No Factual Dispute: Chubb Breached by Wrongly Claiming It Is an Excess Insurer and by Refusing to Perform on that Basis**.

Here, there is no factual dispute that Chubb breached its duty to defend Fearns by taking the position that its defense obligation is excess to Travelers and by refusing to mount and fund a defense based on this mistaken position.

Although Chubb has ostensibly agreed to defend Fearns, it is in fact refusing to actually provide a defense until Travelers exhausts.  Agreeing to defend is not enough.  At its core, the duty to defend requires an insurer to "mount and fund" the insured's defense.  *Buss*, 16 Cal. 4th at 58 ("The insurer has a duty to defend, i.e., to mount and fund a defense.").   Having a duty to defend obviously means providing an *actual* defense; it does not mean simply promising to provide a defense and then failing to deliver, as Chubb has done here. Because California law imposes upon a Chubb a duty to provide Fearns with a defense irrespective of whether another insurer owes Fearns this same duty, Chubb's refusal to defend based on its other-insurance clause constitutes a clear breach and a repudiation of Chubb's promise to fund and mount a defense on Fearns' behalf.   Chubb's act of sending a reservation-of-rights letter promising to defend Fearns is not the same as actually mounting and funding his defense.

Not only is Chubb's breach of the duty to defend straightforward, there is no factual dispute in play here, allowing this Court to adjudicate this matter through summary judgment.   No discovery is needed.   There are no facts that can be ascertained through litigation that would change the fact that Chubb asserted a meritless position that it is an excess insurer and that Chubb refused to perform based on this position.   Chubb's failure to defend is unmistakable. Chubb conveyed its position twice to Fearns in writing before he filed suit.

Chubb's refusal to perform as promised has an important consequence:  Chubb loses whatever right it may have otherwise had to control Fearns' defense.  This

PAYNE & FEARS LLP

ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

includes deciding litigation and settlement strategy and selecting Fearns' defense counsel. Fearns is entitled to choose his own attorney, which he has done. Chubb cannot override Fearns' choice of counsel. Nor can Chubb cure its breach by belatedly contributing money toward Fearns' defense costs. Chubb's right to control has been lost forever.

**C.    Chubb Must Pay the Reasonable and Necessary Costs of Defense; Chubb Cannot Impose the Billing Rates Used by "Panel Counsel."**

Another consequence of Chubb's refusal to mount and fund Fearns' defense is that Chubb cannot artificially limit its obligation to the billing rate that Chubb imposes on "panel counsel." These are outside attorneys who have contracts with Chubb for defense work, often at deeply discounted rates but with the promise of bulk work assignments.

When an insurer owes a duty to defend, it must defend "immediately." *Buss,* 16 Cal. 4th at 48-49. When an insurer defends immediately, the insured does not have to pay for any of the defense of a claim. The insurer hires the attorney and pays all defense costs.

In contrast, when an insurer fails to defend — which is too often the case — the insured is left to find an attorney and defend itself. Because the insured must find its own attorney, California law holds that the proper measure of damages are compensatory contractual damages. *Emerald Bay Community Ass'n v. Golden Eagle Ins. Corp.,* 130 Cal. App. 4th 1078, 1088-1089 (2005). These are "all costs and attorneys' fees expended by [its insured] for this purpose." *Amato v. Mercury Cas. Co.,* 18 Cal. App. 4th 1784, 1793 (1993). The insureds actual defense costs are the measure of the insured's contract damages. *Arenson v. Nat'l Auto. & Cas. Ins. Co.,* 48 Cal. 2d 528, 537 (1957); *Marie Y v. General Star Indemnity Co.,* 110 Cal. App. 4th 928, 960–61 (2003) ("the proper measure of damages is the reasonable attorney's fee and costs incurred by the insured in defense of the claim."); *Intergulf Dev. LLC,* 183 Cal. App. 4th at 20 ("The general measure of damages for breach of duty to

-26-

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1   defend consists of the insured's cost of defense in the underlying action, including

2   attorney fees.")

3          The reasonable cost of defense is not limited to the billing rate that is normally

4   paid to law firms that an insurer hires to defend other insureds.  Rather, the insured is

5   "entitled to damages that will make it whole" – i.e., "the [insured] is entitled to recover

6   the costs of the defense," including attorney's fees "reflected in [the] normal hourly

7   rate" of its chosen law firm.  *State v. Pacific Indem. Co.*, 63 Cal. App. 4th 1535, 1556

8   (1998).  Following an insurer's refusal to perform, the insured must defend itself

9   without benefitting from the massive market and purchasing power available to

10   insurers when hiring counsel.  An insurer that refuses to defend cannot reduce its

11   liability by later arguing that it could have gotten a better deal had it performed as

12   promised or that the insured should be limited to an artificially low billing rate that

13   only an insurer can demand and receive from defense counsel.

14          An important case, *State v. Pacific Indemnity*, illustrates the rule.  There, the

15   State of California hired the law firm of Irell & Manella to defend it against a billion-

16   dollar pollution suit after its insurer, Pacific Indemnity, refused to defend.  63 Cal.

17   App. 4th at 1542-44.  Because the State believed that Pacific Indemnity breached and

18   was ultimately responsible for the defense, the State entered into an alternative fee

19   agreement with Irell, in which its legal fees would be calculated at 200 percent of

20   Irell's normal hourly rate.  "In return, Irell & Manella agreed not to charge the State

21   for legal fees beyond those recovered from Pacific Indemnity."  *Id.* at 1544.  Irell also

22   agreed that, if Pacific Indemnity would "unequivocally acknowledg[e] its duty to

23   defend," it would only charge its normal hourly rates.  *Id.*  When Pacific challenged

24   this arrangement in the trial court, the court concluded the agreement was reasonable

25   because the "contingency fee agreement assured the State of an adequate defense."

26   *Id.* at 1545.  On appeal, the Court assumed that an alternative fee agreement would

27   normally "be appropriate" where an insurer breaches its duty to defend, but it found

28   that because Pacific Indemnity eventually agreed to supply a full defense, subject only

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

to a reservation of rights, it was "not reasonable to force Pacific Indemnity to incur costs of twice the amount" of Irell's regular rate. *Id.* at 1556. However, the Court still agreed that "Pacific Indemnity should compensate Irell & Manella at its regular hourly rate." *Id.* Importantly, the Court of Appeal did not limit Irell's rate to the rate that Pacific Indemnity might normally pay panel counsel. Nor would such a ruling have made sense or comported with California law. Because Pacific Indemnity breached the duty to defend, it was responsible for the reasonable and necessary defense costs incurred through the State's chosen firm, which was Irell. That Pacific Indemnity could have negotiated rates lower than those charged by Irell was not a relevant factor.

This is fair. The right to a defense is one of the paramount reasons insureds obtain liability coverage. *Horace Mann Ins. Co v. Barbara B.*, 4 Cal. 4th 1076, 1086 (1993). The insured wants to know that if it gets sued, it need not worry about hiring lawyers and paying legal expenses; the insured purchases insurance largely for the peace of mind that comes from knowing the insurer with its superior resources will deal with all of that. *Campbell v. Superior Court*, 44 Cal. App. 4th 1308, 1319 (1996). This is why California has long recognized that "an insurer who refuses to defend does so at its own peril." *Columbia S. Chem. Corp. v. Manufacturers & Wholesalers Indem. Exch.*, 190 Cal. App. 2d 194, 200 (1961). When an insurer refuses to defend, it does so knowing the insured must still defend itself, which requires that the insured hire defense counsel at rates that might be higher than those usually paid by the insurer.

There are only two situations where an insurer can impose its preferred billing rate. Neither applies here. First, an insurer can impose panel rates where it honors the duty to defend and hires an attorney to act on the insured's behalf. In this situation, the billing rate is a function of negotiation between the insurer and panel counsel. It does not concern the insured, who is not paying for or controlling the defense. Chubb repudiated its duty to defend Fearns, and as a consequence Chubb does not get to

PAYNE & FEARS LLP

ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

renegotiate rates after the fact.  Second, an insurer can impose panel rates where it honors the duty to defend but provides independent counsel pursuant to California Civil Code § 2860.  By statute, the rates charged by independent counsel are "limited to the rates which are actually paid by the insurer to attorneys retained by it . . . in the defense of similar actions in the community . . . ."  Cal. Civ. Code § 2860.  Because it refused to defend, Chubb cannot avail itself of the rate cap under 2860:  "If an insurer declines to provide a defense, it may not later invoke section 2860's rate limitation."  *MGA Ent., Inc. v. Hartford Ins. Co. of the Midwest*, 2010 WL 11468788, at *5 (C.D. Cal. Feb. 10, 2010); *Intergulf Dev. LLC*, 183 Cal. App. 4th at 20.

Here, Chubb breached the duty to defend by taking a meritless position that it is excess to Travelers and by refusing to defend on this basis and this basis alone. Although Chubb can no longer control Fearns' defense, Chubb still owes the cost of defense through Fearns' chosen law firm.  Chubb has no right to limit its defense obligation to the rate that Chubb pays attorneys hired as panel counsel.  Instead, Chubb must pay the reasonable and necessary costs of defense, even if the reasonable costs include billing rates that exceed what Chubb would normally pay attorneys that Chubb itself hires.

Fearns accordingly seeks partial summary judgment that, to extent Chubb breached its duty to defend Fearns, Chubb is obligated to pay all reasonable and necessary costs of defense through Daniel M. Livingston and Jeffrey K. Brown of Payne & Fears, LLP, and that reasonableness is not defined by Chubb's preferred billing rates charged by panel counsel.

## V.   CONCLUSION

For the foregoing reasons, this Court should grant Fearns' Motion for Partial Summary Judgment.

1  DATED:  October 1, 2021          PAYNE & FEARS LLP

2

3                                   By: _____/s/ Jared De Jong_____
                                            J. KELBY VAN PATTEN
4                                           JARED DE JONG

5                                   Attorneys for Plaintiffs TRIPACIFIC
                                    CAPITAL ADVISORS, LLC,
6                                   TRIPACIFIC MANAGERS, INC., and
                                    GEOFFREY S. FEARNS
7

8  4848-7663-5377.23

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100