UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 21-919 JVS (JDEx)                      Date   November 15, 2021

Title   TriPacific Capital Advisors, LLC v. Federal Insurance Company

Present: The
Honorable       **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

Proceedings:     **[IN CHAMBERS] <u>Order</u> <u>Regarding</u> <u>Motion</u> <u>for</u> <u>Partial</u> <u>Summary</u> <u>Judgment</u>**

Plaintiff Geoffrey S. Fearns ("Fearns") filed a motion for partial summary judgment against Defendant Federal Insurance Company ("Chubb"). Mot., Dkt. No. 25. Chubb opposed the motion. Opp'n, Dkt. No. 33. Fearns responded. Reply, Dkt. No. 37.

After the Court posted its tentative order, Chubb filed a request for hearing or opportunity to file surreply. Request, Dkt. No. 41. Fearns responded by filing an objection to the request for hearing or leave to file a surreply. Obj., Dkt. No. 42. The Court considered the arguments raised by both parties and finds that oral argument would not be helpful in this matter. Fed R. Civ. P. 78; L.R. 7-15.

For the following reasons, the Court **GRANTS** the motion for summary judgment on the second cause of action and the additional issues presented. The Court holds that:

(1) The "other insurance" clause in the Chubb Policy does not make Chubb excess to Travelers, the Chubb duty to defend is not altered by the existence of any duty owed by Travelers, and the Chubb duty to defend remains primary at this time.

(2) Chubb has lost the right to assert control over Fearns' defense at this time.

(3) Chubb may not limit its liability to panel counsel rates.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    SACV 21-919 JVS (JDEx)                     Date    November 15, 2021

Title    TriPacific Capital Advisors, LLC v. Federal Insurance Company

## I. BACKGROUND

This case concerns a dispute over insurance coverage. Fearns is the President of TriPacific Capital Advisors, LCC ("TriPac"), and the owner of TriPacific Managers, Inc. ("TMI") (collectively, "Plaintiffs"). SUF, Dkt. No. 38 ¶ 1. TriPac is a financial services company based in Orange County that manages institutional capital for residential construction projects. Id. ¶ 2. Tom Mahathirath, a former executive at TriPac, brought suit against his former employer seeking compensatory damages of not less than $8.9 million. Id. ¶ 24.

On November 17, 2020, Tom Mahathirath and TFM Advisors, Inc. (collectively, "Mahathirath") filed a complaint against Fearns, TriPac, and TMI in Orange County Superior Court. SUF ¶ 21. On May 25, 2021, the initial complaint was ordered into arbitration and the Superior Court litigation was stayed. Id. On August 11, 2021, Mahathirath filed a cross-complaint in arbitration. Id. It is undisputed that both the initial complaint filed in Superior Court and the cross-complaint filed in arbitration contain materially identical factual allegations and causes of action. Id. ¶ 22. Mahathirath brought the following causes of action: (1) Breach of Fiduciary Duties against TriPac, TMI, and Fearns; (2) Breach of Contract against TriPac; (3) Breach of the Implied Covenant of Good Faith and Fair Dealing against TriPac; (4) Failure to Pay Earned Wages against TriPac; (5) Labor Code Section 203 Penalties against TriPac; (6) Equitable Accounting against TriPac, TMI, and Fearns; (7) Constructive Trust against TriPac, TMI, and Fearns; and (8) Declaratory Relief against TriPac, TMI, and Fearns. Id. ¶ 23. On December 3, 2020, TriPac, TMI, and Fearns tendered Mahathirath's initial complaint to their two insurers, Chubb and Travelers Casualty and Surety Company of America ("Travelers"), requesting defense and indemnity. Id. ¶¶ 25-26.

### A.    Insurance Policies

#### i.    Chubb Policy

Chubb issued Asset Management Protector Policy Number 8246-0819 ("Chubb Policy"), which included Directors & Officers Liability Coverage Part with limits of $5,000,000 ("Chubb D&O Coverage"). SUF ¶ 3. The Chubb Policy initially listed TriPacific Capital Advisors as the Named Organization before an amendment with an effective date of January 7, 2021 replaced it with TriPacific Managers Inc. as the Named

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 21-919 JVS (JDEx)                          Date   November 15, 2021

Title        TriPacific Capital Advisors, LLC v. Federal Insurance Company

Organization. Chubb Policy, Dkt. No. 31-1, at 8, 79.

The maximum aggregate limit of liability for all loss under the Chubb Policy is $5,000,000. Id. at 8 (Item 3(A)). The D&O Coverage has aggregate limit of liability of $5,000,000, with a retention amount of $150,000. Id. at 8 (Item 3(B)). Endorsement Number 11 provides that "[i]t shall be the duty of the Company and not the duty of the Insured to defend Claims made against the Insured. The Company's duty to defend any Claim shall cease upon exhaustion of the applicable Limit of Liability set forth in Item 3 of the Declarations." Id. at 50 (Section VII.(A)). Endorsement Number 11 also describes how defense costs are allocated as coverable loss in the event that a claim against the insured includes both covered and noncovered matters. Id. at 51 (Section VIII). Under the D&O Coverage, "Loss" is defined as "the amount that an Insured becomes legally obligated to pay on account of any Claim," including "Defense Costs." Id. at 22 (Section II.(B)).

The Chubb Policy also includes an Other Insurance provision. Id. at 17 (Section X). As is relevant here, the Chubb Policy states that "[w]ith respect to any Coverage Part other than the Employment Practices Liability Coverage Part, if any Loss under this Policy is insured under any other valid and collectible insurance, then this Policy shall cover such Loss, subject to its limitations, conditions, provisions and other terms, only to the extent that the amount of such Loss is in excess of the applicable retention (or deductible) and limit of liability under such other insurance, whether such other insurance is stated to be primary, contributory, excess, contingent or otherwise, unless such other insurance is written only as specific excess insurance over the Limits of Liability provided in this Policy." Id. (Section X.(A)).

ii.        *Travelers Policy*

Travelers issued Wrap+ Policy, number 105693785, which includes an Employment Practices Liability coverage section ("Travelers Employment Coverage). See Dkt. No. 31-2 ("Travelers Policy"). The Travelers Policy lists TriPacific Capital Advisors and TriPacific Managers, Inc. as the Named Insureds. Id. at 12 (Item 1). The Travelers Employment Coverage contains $1,000,000 in liability limits. SUF ¶ 17. The Insuring Agreement provides that "The Company will pay on behalf of the Insured, Loss for any Employment Claim first made during the Policy Period, or if exercised, during the Extended Reporting Period or Run-Off Extended Report Period, for a Wrongful

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 21-919 JVS (JDEx)                     Date   November 15, 2021

Title        TriPacific Capital Advisors, LLC v. Federal Insurance Company

Employment Practice." Id. at 41.

The Travelers Policy includes Duty-to-Defend coverage, id. at 14, which provides in part that "the Company will have the right and duty to defend any Claim covered by a Liability Coverage, even if the allegations are groundless, false or fraudulent, including the right to select defense counsel with respect to such Claim." Id. at 24.

### B.    Coverage Dispute

Plaintiffs retained counsel to defend against the Mahathirath Action and agreed to pay standard billing rates of $625 per hour for Daniel Livingston and $605 per hour for Jeffrey Brown. SUF ¶¶ 27-28. On February 3, 2021, Travelers agreed to provide a defense to Fearns and TriPac under a full reservation of rights. See Dkt. No. 30-3. Plaintiffs submitted declarations that up to this point Travelers has not paid any money toward their defense. SUF ¶ 36.

On January 6, 2021, Chubb declined coverage for TMI on the basis that it did not constitute an "Insured" under the Chubb Policy, and declined coverage for TriPac and Fearns on the basis that the Employment Practices Exclusion applied. SUF ¶¶ 65-66. Chubb also asserted that the Contract Exclusion precluded coverage for TriPac. SUF ¶ 67. On February 11, 2021, Chubb again maintained that the Employment Practices Exclusion precluded coverage. SUF ¶ 68. On March 29, 2021, Chubb sent another letter where it maintained its declination of coverage for TriPac and TMI. SUF ¶ 71.

On April 6, 2021 the Plaintiffs sent a letter to Chubb requesting that it enter into a defense-funding agreement with Travelers. SUF ¶ 33. Plaintiffs asserted that Chubb and Travelers do not insure the same risk and the other-insurance clause do not preclude contribution. SUF ¶ 46. On April 21, 2021, Chubb sent another letter maintaining its position that the Chubb Policy is excess to the Travelers Policy with respect to coverage for Fearns. See Dkt. No. 30-12.

## II. LEGAL STANDARD

Summary judgment is appropriate where the record, read in the light most favorable to the nonmovant, indicates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 21-919 JVS (JDEx)                    Date    November 15, 2021

Title    TriPacific Capital Advisors, LLC v. Federal Insurance Company

also <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986).  Summary adjudication, or partial summary judgment "upon all or any part of [a] claim," is appropriate where there is no genuine dispute as to any material fact regarding that portion of the claim.  Fed. R. Civ. P. 56(a); <u>see also</u> <u>Lies v. Farrell Lines, Inc.</u>, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks omitted).

Material facts are those necessary to the proof or defense of a claim, and are determined by referring to substantive law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  In deciding a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." <u>Anderson</u>, 477 U.S. at 255.[1]

The moving party has the initial burden of establishing the absence of a material fact for trial. <u>Anderson</u>, 477 U.S. at 256.  "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . ., the court may . . . consider the fact undisputed."  Fed. R. Civ. P. 56(e)(2). Furthermore, "Rule 56[(a)] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex Corp.</u>, 477 U.S. at 322. Therefore, if the nonmovant does not make a sufficient showing to establish the elements of its claims, the Court must grant the motion.

### III. DISCUSSION

#### A.    *Requests for Judicial Notice and Evidentiary Objections*

Fearns filed a request for judicial notice ("RJN") in support of his motion. <u>See</u> Fearns RJN, Dkt. No. 27. Chubb filed an RJN in support of its opposition. <u>See</u> Chubb

---

[1] "In determining any motion for summary judgment or partial summary judgment, the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Disputes' and (b) controverted by declaration or other written evidence filed in opposition to the motion." L.R. 56-3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 21-919 JVS (JDEx)                    Date    November 15, 2021

Title    TriPacific Capital Advisors, LLC v. Federal Insurance Company

RJN, Dkt. No. 35. Specifically, Fearns seeks judicial notice of the following three documents:

(1) a true and correct copy of the complaint dated November 17, 2020, Orange County Superior Court, Case No. 30-2020-01170513-CU-BC-CJC;

(2) a true and correct copy of the court order dated May 25, 2021, Orange County Superior Court, Case No. 30-2020-01170513-CU-BC-CJC;

(3) a true and correct copy of the cross-complaint that Tom Mahathirath and TFM Advisors, Inc. filed against TriPac, TMI, and Fearns in JAMS Arbitration Case No. 1200057704.

Chubb seeks judicial notice of the following document:

(1) The Memorandum of Points and Authorities in Support of TriPac, TMI, and Fearns's Petition to Compel Arbitration filed on December 30, 2020 in Orange County Superior Court, Case No. 30-2020-01170513-CU-BC-CJC.

Under Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record if the facts are not "subject to reasonable dispute." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); see Fed. R. Evid. 201(b). The Court holds that all of the documents for which Fearns and Chubb seek judicial notice are matters of public record that are not subject to reasonable dispute. Accordingly, the Court **GRANTS** the requests for judicial notice.

Additionally, Chubb submitted an evidentiary objection, Dkt. No. 36, and Fearns responded. Dkt. No. 39. Evidence presented at summary judgment must be admissible and have a proper foundation to be considered. Fed. R. Civ. P. 56; Canada v. Blain's Helicopters, Inc., 831 F.2d 920, 925 (9th Cir. 1987). On a motion for summary judgment, a party may object that the material used to "dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). A court must rule on material evidentiary objections. Norse v. City of Santa Cruz, 629 F.3d 966, 973 (9th Cir. 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 21-919 JVS (JDEx)                          Date    November 15, 2021

Title       TriPacific Capital Advisors, LLC v. Federal Insurance Company

The Court only considered admissible evidence in resolving the Defendants'
motion for summary judgement. When this Order cites evidence to which a party
objected, the objection is impliedly overruled.  Additionally, the Court declines to rule on
objections to evidence upon which it did not rely.

> **B.    *Chubb's Duty to Defend***

Fearns moves for summary judgment on his second cause of action for a
declaratory judgment that Chubb's obligation to defend and indemnify the Mahathirath
Action is primary, and that the Other Insurance clause in the Chubb Policy does not make
it excess to Travelers' obligation. Mot. at 9. Chubb presents several arguments in support
of its position that it does not owe a duty to defend. The Court considers them in turn.

> ***i.    Fearns' Insured Capacity***

First, Chubb argues that it does not have a duty to defend because the breach of
fiduciary duty cause of action is not brought against Fearns in his "insured capacity."
Opp'n at 14. Chubb asserts that the Policy only covers claims that are brought against
Fearns in his capacity as a director or officer of TriPac. Opp'n at 15-16. Chubb cites to
several selections of Mahathirath's Cross-Complaint where he references a "joint
venture" between Fearns and Mahathirath. Opp'n at 16-17; see Dkt. No. 27-3 ¶¶ 15, 19,
35. Chubb asserts that the claims arise out of that joint venture, in which case the terms of
the Policy would preclude coverage. Opp'n at 18-19. Chubb suggests that it is logical that
Mahathirath brought the cause of action against Fearns as a joint venture partner instead
of as TriPac director or officer because there is no fiduciary duty owed by a supervisor to
an employee. Opp'n at 17-18.

Fearns asserts that he has met his burden of showing a potential that he was acting
in his capacity as a TriPac director or officer. "An insurer has a very broad duty to defend
its insured under California law." Anthem Elecs., Inc. v. Pac. Emp'rs Ins. Co., 302 F.3d
1049, 1054 (9th Cir. 2002). "[T]he insured is entitled to a defense if the underlying
complaint alleges the insured's liability for damages *potentially* covered under the policy,
or if the complaint might be amended to give rise to a liability that would be covered
under the policy." Montrose Chem. Corp. v. Superior Court, 6 Cal. 4th 287, 299 (1993).
"[T]he duty to defend is broader than the duty to indemnify." Id. "Any doubt as to
whether the facts establish the existence of the defense duty must be resolved in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 21-919 JVS (JDEx)                    Date   November 15, 2021

Title        TriPacific Capital Advisors, LLC v. Federal Insurance Company

insured's favor." Id. at 299-300. "[T]he insured need only show that the underlying claim *may* fall within policy coverage; the insurer must prove it *cannot*." Id. at 300.

As a preliminary matter, Chubb argues that the Court should not consider Fearns' argument because he raised them for the first time in his reply brief. Request at 1. While it is true that Fearns did not explicitly present these arguments in his initial motion, Fearns is simply responding to arguments made by Chubb in its opposition. Chubb argued that there was no duty to defend because Fearns was acting outside his insured capacity and presented case law to support its argument. Opp'n at 14-18. Fearns has the right to respond to arguments made by Chubb in its opposition. See El Pollo Loco, Inc. v. Hashim, 316 F.3d 1032, 1040-41 (9th Cir. 2003) (holding that district court did not abuse discretion in considering plaintiff's argument that was raised for the first time in a reply brief because denying the opportunity to counter the potentially dispositive argument raised in the opposition would have stripped the plaintiff of the right to argue against the defense); Miller v. Glenn Miller Productions, Inc., 454 F.3d 975, 979 n.1 (approving district court consideration of new evidence introduced in reply brief to counter claims raised in opposition to summary adjudication motion). Thus, the Court will not find any part of Fearns' reply to be improper.

Alternatively, Chubb asks for the opportunity to respond in writing. While the Court does not feel that a separate filing is necessary, the Court considered the substantive arguments presented in Chubb's request for hearing and responds to them below. See Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) ("where new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the non-movant an opportunity to respond") (internal quotations and citation omitted); El Pollo Loco, 316 F.3d at 1041 (interpreting Provenz as "implying that a district court may consider new evidence presented in a reply brief if the district court gives the adverse party an opportunity to respond").

The Court agrees with Fearns that he has established a potential that he was acting in his capacity as a TriPac director or officer. The Mahathirath Action alleges breach of an oral agreement that was intended to entice Mahathirath to stay employed at TriPac, and the alleged consideration involves the profits and investments of TriPac. See, e.g., Dkt. No. 27-3 ¶¶ 15, 16, 19. Additionally, all of the agreements at issue are signed by Fearns in his capacity as TriPac President. See Dkt. No. 27-3 at 43, 48, 51.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 21-919 JVS (JDEx)                          Date   November 15, 2021

Title          TriPacific Capital Advisors, LLC v. Federal Insurance Company

Chubb presents new authority in its request for hearing to support its position that no duty to defend is owed. See Request at 3-5. While the cited cases do support the proposition that a duty to defend does not exist when a suit is clearly brought based on actions undertaken outside the insured capacity, the facts are easily distinguishable. In Bowie v. Home Insurance Company, the court found no duty to defend when the lawsuit explicitly sued two individuals for actions taken as officials of DMT Financial Group when their insurance policy covered their actions as officials of Transit Casualty Company, a separate and distinct entity. 923 F.2d 705, 708-10 (9th Cir. 1991). In Britt v. Twin City Fire Insurance Company, the court found no duty to defend where the suit was brought against an individual along with Marwit Capital Partners, LLC and Marwit Capital Partners II, LP, and the insurer provided coverage to two other distinct legal entities. 2013 WL 12121872, at *6 (C.D. Cal. June 26, 2013).

In both Bowie and Britt, the individuals were directors and officer of two separate legal entities. Here, Fearns is only an officer of TriPac and TMI, and there is no legal documentation of any "joint venture" with Mahathirath. In both Bowie and Britt, the lawsuits brought causes of action explicitly against the individuals in their capacity as officers of the uninsured legal entity. Here, it is uncertain what capacity Mahathirath is suing Fearns in. Finally, in Britt the court found that was "perfectly clear that Britt negotiated the alleged oral contract for the purchase of the shares on the side on behalf of the [uninsured] Marwit entities." Britt, 2013 WL 12121872 at *6. That is clearly distinguishable from the allegations in the Mahathirath Action where the alleged oral negotiations at issue concerned retaining Mahathirath as an employee of TriPac and the documents were ultimately signed by Fearns in his capacity as President of TriPac, the insured entity. In sum, the cases cited by Chubb reach a different conclusion not because they are interpreting the law differently, but because the facts in those situations conclusively showed that the defendant was not acting in an insured capacity. That is not the case here.

Finally, even if a cause of action for breach of fiduciary duty brought by Mahathirath against Fearns in his capacity as his supervisor would ultimately fail, that does not absolve Chubb of a duty to defend. The policy provides that Chubb will defend against "all claims." As Chubb cannot conclusively prove that Mahathirath brought the cause of action against Fearns in a different capacity, the likelihood of success of the claim is not relevant to the question of whether a duty to defend exists. See Horace Mann Ins. Co. v. Barbara B., 4 Cal. 4th 1076, 1086 (1993) ("An insured buys liability insurance

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 21-919 JVS (JDEx)                    Date    November 15, 2021

Title    TriPacific Capital Advisors, LLC v. Federal Insurance Company

in large part to secure a defense against all claims potentially within policy coverage, even frivolous claims unjustly brought.").

Accordingly, the Court holds that the Mahathirath Action is within the scope of coverage provided by the Chubb Policy because Fearns was potentially acting in his insured capacity.

> ii.    *Scope of Duty to Defend*

Chubb also appears to assert that even if it owes a duty to defend, that duty only extends to the claims that are potentially covered under the Chubb Policy. Chubb points to the Allocation Provision of the Chubb Policy which describes what defense costs are covered when a "claim against an insured includes both covered and noncovered matters." Opp'n at 27-28. There are two flaws in Chubb's attempt to limit the scope of its duty to defend at this stage.

First, Fearns argues that it would be reasonable to read the Allocation Provision's reference to a "claim" against an insured that includes both covered and noncovered matters as referencing the entirety of the dispute, not a specific cause of action. Reply at 27 n.7. The Allocation Provision states that "[o]ne hundred percent (100%) of reasonable and necessary Defense Costs incurred by the Insured on account of such Claim will be considered covered Loss." Opp'n at 27. Under Fearns' interpretation, the Chubb Policy as written would require Chubb to ultimately pay the full costs of the defense.

Whether or not Fearns presents the correct reading of the policy, California law is clear on this matter. In a "mixed" action, where some claims are potentially covered and others are not, "the insurer has a duty to defend the action in its entirety." Buss v. Superior Court, 16 Cal. 4th 35, 48 (1997). If at the close of litigation Chubb can show that certain fees and expenses are solely allocable to the causes of action that are not even potentially covered under the Chubb Policy, it may seek reimbursement from Fearns at that time. See Buss, 16 Cal. 4th at 52-53.

Thus, the Court holds that Chubb's duty to defend extends to the entire action.

> iii.    *Retention Policy*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 21-919 JVS (JDEx)                         Date    November 15, 2021

Title    TriPacific Capital Advisors, LLC v. Federal Insurance Company

Chubb also argues that a duty to defend does not exist because the Chubb D&O Coverage is subject to a $150,000 Retention. Opp'n at 19-20. Chubb asserts that Fearns has not proven that the threshold has been met, Opp'n at 19-20, and even if unreimbursed defense expenses do total $212,459 at this time, that would  not satisfy the Retention threshold because of the Allocation Provision. Opp'n at 27-28.

Under California law, the duty to defend is not impacted by a self-insured retention. The duty to defend arises immediately upon tender of claim to the insurer. See Buss, 16 Cal. 4th at 59. While a self-insured retention must be paid before the existence of coverage, it does not impact the immediacy of the duty to defend. "[I]n the absence of clear policy language so providing, to require the exhaustion of a self-insured retention before an insurer will have a duty to defend would be contrary to the reasonable expectations of the insured to be provided an immediate defense in connection with its primary coverage." Legacy Vulcan Corp. v. Superior Court, 185 Cal. App. 4th 677, 696 (2010).

Chubb's policy states that "[Chubb's] liability under each Coverage Part shall apply only to that part of each Loss, which is excess of the applicable Retention(s) . . . and such Retention(s) shall be borne by the Insured uninsured and at the Insured's own risk."  Opp'n at 19. While it explicitly makes clear that "[t]he Company's duty to defend any Claim shall cease upon exhaustion of the applicable Limit of Liability," Reply at 29, it includes no similar language regarding the commencement of the duty to defend. The Policy merely states that "[i]t shall be the duty of the Company and not the duty of the Insured to defend Claims made against the Insured." Opp'n at 29. Courts look to whether there is policy language "clearly or explicitly providing that [the insured] is required to satisfy any retention as a condition of the duty to defend." See Crosby Estate at Rancho Santa Fe Master Ass'n v. Ironshore Specialty Ins. Co., 498 F. Supp. 3d 1242, 1261 (S.D. Cal. 2020). This does not satisfy that standard.

Thus, the Court agrees with Fearns that Chubb's duty to defend exists, regardless of whether or not the self-insured Retention has been met.

C.    *Other Insurance Clause*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 21-919 JVS (JDEx)                         Date    November 15, 2021

Title       TriPacific Capital Advisors, LLC v. Federal Insurance Company

Next, Chubb argues that it does not owe a defense to Fearns because the Chubb Policy contains an other-insurance clause that causes the policy to sit in excess of the Travelers Policy. Opp'n at 20-26. While the parties disagree about whether the two policies insure the same risk, see Mot. at 16; Opp'n at 20, the Court need not consider that question. The Court holds that under California law, the Other Insurance clause does not change Chubb's obligation to Fearns to provide a defense against the Mahathirath Action.

### i.      Levels of Insurance

The Court begins by reviewing the distinctions between different levels of insurance and the operation of other-insurance clauses. "Primary insurers generally have the primary duty of defense." Certain Underwriters at Lloyds, London v. Arch Spec. Ins. Co., 246 Cal. App. 4th 418, 429-30 (2016) (quoting Century Surety Co. v. United Pacific Ins. Co., 109 Cal. App. 4th 1246, 1255 (2003)). Under the terms of a primary coverage policy, liability immediately attaches. Id. "'Excess' or secondary coverage is coverage whereby, under the terms of the policy, liability attaches only after a predetermined amount of primary coverage has been exhausted." Id. An excess insurance policy is "expressly understood by both the insurer and insured to be secondary to specific underlying coverage which will not begin until after that underlying coverage is exhausted and which does not broaden that underlying coverage." Id.

In addition to those two categories of insurance, insurers attempt to use other-insurance clauses to "reduce a primary coverage obligation into a more limited excess liability." Id. There are several different varieties of those provisions. "Pro rata" provisions limit the insurer's liability to "the total proportion that its policy limits bear to the total coverage available to the insured." Id. "Excess only" clauses require the exhaustion of other insurance, effectively causing the insurer to only act as an excess insurer. Id. Finally, "escape" clauses extinguish the insurer's liability if the loss is covered by other insurance. Id.

### ii.      California Enforcement of Other-Insurance Clauses

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 21-919 JVS (JDEx)                     Date    November 15, 2021

Title    TriPacific Capital Advisors, LLC v. Federal Insurance Company

Most insurance contracts include a provision that attempts to limit liability where other coverage exists. Olympic Ins. Co. v. Employers Surplus Lines Ins. Co., 126 Cal. App. 3d 593, 598 (1981). While California courts do enforce other insurance clauses in some equitable contribution cases, see Hartford Cas. Ins. Co. v. Travelers Indem. Co., 110 Cal. App. 4th 710, 727 (2003), there is a modern trend towards not enforcing the provisions. See Certain Underwriters, 246 Cal. App. 4th at 429-30; Underwriters of Interest Subscribing to Policy No. A15274001 v. ProBuilders Specialty Ins. Co., 241 Cal. App. 4th 721, 729-30 (2015).

But even before any recent shifts in the law, California courts have always limited the situations where other-insurance clauses are enforced. "[O]ther-insurance clauses are intended to apply in contribution actions between insurers, not in coverage litigation between insurer and insured." State of California v. Continental Ins. Co., 15 Cal. App. 5th 1017, 1032 (2017). It is well-established that the clauses have no bearing on the insurers obligation to the policyholder and are limited to governing obligations amongst the insurers. See Dart Indus. Inc. v. Commercial Union Ins. Co., 28 Cal. 4th 1059, 1080-81 (2002) ("When multiple policies are triggered on a single claim, the insurers' liability is apportioned pursuant to the 'other insurance' clauses of the policies or under the equitable doctrine of contribution. That apportionment, however, has no bearing upon the insurers' obligations to the policyholder.") (internal quotations and citations omitted); see also Armstrong World Ind., Inc. v. Aetna Cas. & Surety Co., 45 Cal. App. 4th 1, 52 (1996) (holding that the allocation of liability among different insurers "does not affect the obligation of the insurers to respond in full: a policyholder may obtain full indemnification and defense from one insurer, leaving the targeted insurer to seek contribution from other insurers covering the same loss.") (internal quotations and citations omitted).

### iii.    The Other-Insurance Clause in the Chubb Policy

The Chubb Policy provides primary coverage and includes a duty-to-defend. SUF ¶¶ 9, 14. It also contains an other-insurance clause that states in relevant part: "if any Loss under this Policy is insured under any other valid and collectible insurance, then this Policy shall cover such Loss, subject to its limitations, conditions, provisions and other terms, only to the extent that the amount of such Loss is in excess of the applicable retention (or deductible) and limit of liability under such other insurance." Chubb Policy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 21-919 JVS (JDEx)                          Date   November 15, 2021

Title        TriPacific Capital Advisors, LLC v. Federal Insurance Company

at 17 (Section X.(A)). Chubb argues that the Travelers Policy is primary by its own terms, thus the Chubb Policy sits in excess. Opp'n at 24-25.

       While Chubb's argument may inform the ultimate allocation of costs between the insurers, it is not relevant to this dispute between Fearns, the insured, and Chubb, the insurer. As California courts have repeatedly stated, "other-insurance clauses are intended to apply in contribution actions between insurers, not in coverage litigation between insurer and insured." State of California v. Continental Ins. Co., 15 Cal. App. 5th at 1032. As discussed above, the Court holds that Chubb has a duty to defend at this time. The existence of the other-insurance clause does not change that duty. The duty attached immediately after tender, and requires a full defense of the action.

       To be clear, this does not result in an expansion of coverage. If Chubb brings an equitable contribution action against Travelers, the other-insurance provision could impact the allocation of liability. See, e.g., Hartford Cas. Ins. Co., 110 Cal. App. 4th at 727 (2003). Chubb may also seek reimbursement from Fearns at the close of litigation if it can show that certain fees and expenses are solely allocable to the causes of action that are not even potentially covered under the Chubb Policy. See Buss, 16 Cal. 4th at 52-53.

       Accordingly, the Court **GRANTS** summary judgment to Fearns on the second cause of action for declaratory relief. The "other insurance" clause in the Chubb Policy does not make Chubb excess to Travelers; the Chubb duty to defend is not altered by the existence of any duty owed by Travelers; and the Chubb duty to defend remains primary at this time.

       D.       *Control of Fearns' Defense and Limitations on Billing Rates*

       Fearns also seeks a determination from the Court that Chubb lost the right to control Fearns' defense to the Mahathirath Action by refusing to mount and fund a defense and that Chubb may not limit the billing rate of Fearns' defense counsel. Mot. at 9. As a preliminary matter, Chubb argues that these issues cannot be considered by the Court because they fall outside the scope of the declaratory relief requested in the second cause of action. Opp'n at 26-27. But as Fearns notes, both issues relate to the breach of contract claim and were raised in the motion for summary judgment. Reply at 19. Whether Chubb has the right to control Fearns' defense and attorneys' billing rates is directly relevant to the calculation of damages as part of the breach of contract claim. See

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 21-919 JVS (JDEx)                           Date   November 15, 2021

Title      TriPacific Capital Advisors, LLC v. Federal Insurance Company

Fed. R. Civ. P. 56(a). So long as there is no factual dispute, examining these issues at this time will simplify the issues for trial.

As discussed above, the Court holds that Chubb has a duty to defend that attached immediately after tender. Up to this point, Chubb has declined to mount a defense, thus breaching its duty to defend. Under California law, once an insurer breaches its duty to defend, "the insured is relieved of his or her obligation to allow the insurer to manage the litigation and may proceed in whatever manner is deemed appropriate." Eigner v. Worthington, 57 Cal. App. 4th 188, 196 (1997); see Intergulf Dev., LLC v. Superior Court, 183 Cal. App. 4th 16, 20 (2010) ("Breach of duty to defend also results in the insurer's forfeiture of the right to control defense of the action or settlement."). Thus, once Chubb breached its duty to defend, it lost the right to control Fearns' defense. This includes the right to limit the billing rates of Fearns' counsel. "The general measure of damages for a breach of the duty to defend an insured, even if it is ultimately determined there is no coverage under the policy, are the costs and attorney fees expended by the insured defending the underlying action." Emerald Bay Cmty. Ass'n v. Golden Eagle Ins. Corp., 130 Cal. App. 4th 1078, 1088-1089 (2005). Chubb presents no substantive argument to the contrary.

To be clear, this does not meant that Chubb will ultimately be liable for any and all legal bills Fearns accumulates in defending this action. Chubb may challenge those fees as unreasonable. Chubb may seek a judicial determination that its duty to defend is terminated if new facts come to light showing that the claims that are potentially within the scope of coverage conclusively fall outside of the scope of coverage. See Liberty Mutual Ins. Co. v. Superior Court, 58 Cal. App. 4th 617 (1997) (noting that even where an insured obtains summary adjudication of a defense obligation, an insurer may bring a later motion to seek a contrary ruling if there is evidence to conclusively eliminate any potential for coverage). Additionally, upon resolution of the litigation, Chubb may seek reimbursement from Fearns for costs that were due to uncovered actions, or from Travelers based on the terms of the policies. See Buss, 16 Cal. 4th at 52-53.

Accordingly, the Court **GRANTS** the request for partial summary judgment on the issues of control and limitation of billing rates. The Court holds that Chubb has lost the right to assert control over Fearns' defense at this time, and that Chubb may not limit its liability to panel counsel rates.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 21-919 JVS (JDEx)                    Date  November 15, 2021

Title  TriPacific Capital Advisors, LLC v. Federal Insurance Company

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion for summary judgment on the second cause of action and the additional issues presented. The Court holds that:

(1) The "other insurance" clause in the Chubb Policy does not make Chubb excess to Travelers, the Chubb duty to defend is not altered by the existence of any duty owed by Travelers, and the Chubb duty to defend remains primary at this time.

(2) Chubb has lost the right to assert control over Fearns' defense at this time.

(3) Chubb may not limit its liability to panel counsel rates.

**IT IS SO ORDERED.**

                                                                    :          0

                                        Initials of Preparer          lmb