KIM W. WEST, SBN 78553
kim.west@clydeco.us
ALEC H. BOYD, SBN 161325
alec.boyd@clydeco.us
ROXANA SADEGHI, SBN 294399
roxana.sadeghi@clydeco.us
CLYDE & CO LLP
355 S. Grand Avenue
Suite 1400
Los Angeles, CA 90071
United States
Telephone:   213 358 7600
Facsimile:   213 358 7650

Attorneys for Defendant,
FEDERAL INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| TRIPACIFIC CAPITAL ADVISORS, LLC, a Delaware limited liability company; TRIPACIFIC MANAGERS, INC., a California corporation; and GEOFFREY S. FEARNS, a California citizen,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY, an Indiana Corporation,<br><br>Defendant. | Case No. 8:21-CV-00919-JVS (JDex)<br><br>**FEDERAL INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT AS TO PLAINTIFFS TRIPACIFIC CAPITAL ADVISORS, LLC AND TRIPACIFIC MANAGERS, INC; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge:       Hon. James V. Selna<br>Date:        January 10, 2022<br>Time:        1:30 PM<br>Courtroom:  10C |

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on January 10, 2022, at 1:30 pm, or as soon thereafter as counsel may be heard, in the courtroom of the Honorable James V. Selna, located in the United States Courthouse, 411 West Fourth Street, Santa Ana, CA 92701-4516, Defendant Federal Insurance Company ("Chubb") will and hereby does move this Court for an order granting summary judgment or, in the alternative, partial summary judgment as to Plaintiffs TriPacific Capital Advisors, LLC ("TriPac") and TriPacific Managers, Inc. ("TMI"), jointly and severally, as to each and all causes of the action asserted in the Second Amended Complaint. Summary judgment is sought pursuant to Fed. R. Civ. P. 56(a) on the grounds that the undisputed facts establish that Chubb does not have a duty to defend TriPac and TMI under the Chubb policy with respect to the Mahathirath Action because the causes of action asserted against TriPac and TMI in the Mahathirath Action are based upon, arising from, or in consequence of any Insured's liability under any contract or agreement and therefore are precluded from coverage pursuant to Exclusion IV.(B) (the "Contract Exclusion") of the Chubb policy.

In the alternative, Chubb seeks partial summary judgment as to each of the four causes of action asserted against it, on the following grounds: (1) as to the First Cause of Action (Breach of Contract), Chubb is entitled to summary judgment that Chubb has not breached its contractual obligations under the Chubb policy because the causes of action asserted against TriPac and TMI in the Mahathirath Action are precluded from coverage pursuant to the Contract Exclusion of the Chubb policy; (2) as to the Second Cause of Action (Declaratory Relief re "Other Insurance" Clause), Chubb is entitled to a declaratory judgment that the "Other Insurance" clause is irrelevant as to TriPac and TMI because coverage is precluded by the Contract Exclusion of the Chubb policy; (3) as to the Third Cause of Action (Declaratory Relief regarding Duty to Defend), Chubb is entitled to a declaratory judgment that Chubb has no duty to defend TriPac and TMI because coverage is

2

FEDERAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

precluded by the Contract Exclusion of the Chubb policy; and (4) as to the Fourth Cause of Action (Declaratory Relief regarding Exclusion for "Liability Under Any Contract or Agreement"), Chubb is entitled to a declaratory judgment that the Contract Exclusion precludes coverage for TriPac and TMI with respect to the Mahathirath Action.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the concurrently filed Statement of Uncontroverted Facts, the Request for Judicial Notice, the Declaration of Richard Brown, and exhibits thereto, all of the documents on file in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

Pursuant to Local Rule 7-3, this Motion is made following meet and confer discussions between counsel for the parties which took place on December 6, 2021.

Dated: December 13. 2021               CLYDE & CO LLP


                                       By:  /s/ Kim W. West
                                           Kim W. West
                                           Attorneys for Defendant,
                                           FEDERAL INSURANCE COMPANY

CLYDE & CO LLP
355 S. Grand Avenue
Suite 1400
Los Angeles, CA 90071
United States

FEDERAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE,
PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

## **TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................. 7

II.     FACTUAL BACKGROUND ................................................................. 8

    A.      The Chubb Policy.............................................................................. 8

    B.      The OCSC Action ............................................................................. 9

    C.      Tender of the OCSC Action and Chubb's Coverage Position.............. 10

    D.      The OCSC Action Is Compelled To Arbitration ................................ 11

    E.      The Coverage Action ........................................................................ 11

III.    GOVERNING LEGAL STANDARDS ................................................. 12

IV.     ARGUMENT ...................................................................................... 13

    A.      Coverage For TriPac And TMI is Precluded By the Contract
        Exclusion .......................................................................................... 13

        1.      The Contract Exclusion ..................................................... 13

        2.      TriPac And TMI Are Judicially Estopped From
                Asserting That The Contract Exclusion Does Not
                Apply ................................................................................. 13

        3.      The Insureds Correctly Argued, And The Court In
                the OCSC Action Correctly Ruled, That The
                Mahathirath Action Is Based Upon Or Arising From
                Contracts ........................................................................... 16

        4.      The Contract Exclusion Broadly Precludes
                Coverage for TriPac and TMI Because All Of The
                Causes Of Action In the Mahathirath Action Are
                Based Upon Or Arising From Contracts ............................ 19

    B.      Because Coverage For TriPac And TMI Is Precluded By The
        Contract Exclusion, There Is No Duty To Defend TriPac Or TMI ...... 23

V.      CONCLUSION ................................................................................... 24

CLYDE & CO LLP
355 S. Grand Avenue
Suite 1400
Los Angeles, CA 90071
United States

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FEDERAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE,
PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ............................ …................................. 12

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ............................ …................................. 12

*Los Angeles Lakers v. Fed. Ins. Co.*,
  869 F. 3d 795 (9th Cir. 2017) ............... ................................. 19

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
  475 U.S. 574 (1986) ............................ …................................. 12

*Office Depot Inc. v. AIG Specialty Ins. Co.*,
  2019 WL 4570011 (C.D. Cal. June 21, 2019), *aff'd*, 829 F. App'x 263
  (9th Cir. 2020) ................................... ................................. 22, 23

*W.G. Hall, LLC v. Zurich Am. Ins. Co.*,
  2017 WL 3782771 (N.D. Cal. Aug. 31, 2017)… ......................... 20, 21

**State Cases**

*Aguilar v. Lerner*,
  32 Cal.4th 974 (2004) .......................... …................................. 15

*Alterra Excess & Surplus Ins. Co. v. Snyder*,
  234 Cal. App. 4th 1390 (2015) .................. ................................. 23

*B&E Convalescent Center v. State Compensation Ins. Fund*,
  8 Cal. App. 4th 78 (1992) ...................... ................................. 23

*M. Perez Co., Inc. v. Base Camp Condominiums Assn. No. One*,
  111 Cal. App. 4th 456 (2003) .................. …................................. 15

*Medill v. Westport Ins. Corp.*,
  143 Cal. App. 4th 819 (2006) .................. …................................. 21, 22

**Federal Rules**

Federal Rules of Civil Procedure 56(a) ............ …........................ 12

CLYDE & CO LLP
355 S. Grand Avenue
Suite 1400
Los Angeles, CA 90071
United States

Federal Rules of Civil Procedure 56 ................... ................................................ 12

**State Statutes**

California Labor Code § 203 ............................ ..................................................... 10, 18

**State Regulations**

IWC Wage Order ........................................... .................................................... 21

CLYDE & CO LLP
355 S. Grand Avenue
Suite 1400
Los Angeles, CA 90071
United States

FEDERAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE,
PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

# I.     INTRODUCTION

The issue presented here is whether the following exclusion (the "Contract Exclusion") precludes coverage for the causes of action against TriPac and TMI in the Mahathirath Action:

> [Chubb] shall not be liable under Insuring Clause (C), Entity Liability Coverage, for **Loss** on account of any **Claim** made against any **Organization**:
>
> \*        \*        \*
>
> (B)     based upon, arising from, or in consequence of any **Insured's** liability under any contract or agreement regardless of whether such liability is direct or assumed; provided this Exclusion IV.(B) shall not apply to liability that would attach to an **Insured** even in the absence of a contract or agreement[.]

(Statement of Uncontroverted Facts ("SUF") 8.)  The answer is a resounding "yes," and TriPac and TMI are judicially estopped from contending otherwise.

In the OCSC Action, TriPac and TMI (and Geoffrey Fearns) filed a Petition to Compel Arbitration, arguing that an arbitration provision in the 2016 Employment Agreement between TriPac and Tom Mahathirath ("Mahathirath") encompassed all the causes of action alleged in the OCSC Complaint.  In arguing that the 2016 Employment Agreement encompassed all of the causes of action alleged in the OCSC Complaint, TriPac and TMI essentially acknowledged that all of the causes of action against them are based upon, arising from, or in consequence of their liability under contract.  Based on their argument, the court in the OCSC Action granted the Petition to Compel Arbitration and ordered all the causes of action alleged in the OCSC Complaint to arbitration.  Mahathirath quickly filed a Cross-Complaint in arbitration, which is virtually identical to the OCSC Complaint. Therefore, the doctrine of judicial estoppel bars TriPac and TMI from asserting that the Contract Exclusion does not bar coverage for the Mahathirath Action.

Moreover, a review of all of the causes of action in the OCSC Complaint

CLYDE & CO LLP
355 S. Grand Avenue
Suite 1400
Los Angeles, CA 90071
United States

7

FEDERAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

establishes that the argument of TriPac and TMI was meritorious and that the order compelling arbitration was correct.  If the Court believes its necessary to conduct its own analysis, Chubb respectfully submits that the Court will easily reach the same conclusion.

Accordingly, summary judgment is appropriate here because there is no genuine dispute of any material fact, and Chubb is entitled to judgment as a matter of law.

## II.     FACTUAL BACKGROUND

### A.     The Chubb Policy

Chubb issued Asset Management Protector Policy No. 08246-0819 to the "Named Organization," TriPac, for the policy period of November 1, 2020 to November 2021 (the "Chubb Policy").  (Statement of Uncontroverted Facts ("SUF") 1.)  The Chubb Policy includes Endorsement Number 23, which amends Item 1 of the Declarations to include TMI as a "Named Organization." (SUF 2.)  The Chubb Policy includes a "Directors and Officers Liability Coverage Part" (the "D&O Coverage Part") with a $5,000,000 Limit of Liability, subject to a $150,000 Retention.  (SUF 3.)

The only coverage potentially afforded to an "Organization" under the D&O Coverage Part of the Chubb Policy is Insuring Clause (C), Entity Liability Coverage, which provides as follows:

> Insuring Clause (C): Entity Liability Coverage
>
> (C)     The Company shall pay, on behalf of an **Organization**, **Loss** which such **Organization** becomes legally obligated to pay on account of any **Claim** first made against the **Organization** during the **Policy Period** or, if exercised, during the Extended Reporting Period, for a **Wrongful Act** by the **Organization** before or during the Policy Period.

(SUF 4.)

CLYDE & CO LLP
355 S. Grand Avenue
Suite 1400
Los Angeles, CA 90071
United States

## B.    The OCSC Action

On November 17, 2020, Mahathirath and TFM Advisors, Inc. filed a complaint (the "OCSC Complaint") against TriPac, TMI, and Geoffrey S. Fearns ("Fearns"), in the proceeding captioned *Tom Mahathirath v. TriPacific Capital Advisors, TriPacific Managers, Inc. and Geoffrey Fearns*, Orange County Superior Court, Case No. 30-2020-01170513-CU-BC-CJC (the "OCSC Action").  (SUF 10.)

The OCSC Complaint alleges that Mahathirath was hired by TriPac as an investment manager and that he entered into an employment contract with TriPac in September 2013 (the "2013 Employment Agreement").  (SUF 12.)  The OCSC Complaint alleges that, in mid-2015, Fearns orally agreed to promote Mahathirath, to increase Mahathirath's compensation, and to implement a new bonus structure entitling Mahathirath to 50% of the net profits TriPac received from the investments that Mahathirath managed.  (SUF 14.)  The OCSC Complaint alleges that as a result of the new bonus structure, a joint venture was formed between Fearns and Mahathirath, whereby Mahathirath was paid an annual salary and Mahathirath and his company, TFM Advisors, Inc., were entitled to 50% of the net profits TriPac received from the investments managed by Mahathirath.  (SUF 14.)

The OCSC Complaint alleges that TriPac and Mahathirath entered into a revised employment agreement in January 2016, which included an arbitration provision (the "2016 Employment Agreement").  (SUF 15.)  The OCSC Complaint alleges that Mahathirath executed an Assignment of Bonus Compensation and Acknowledgement of Independent Contractor Status, which assigned any bonus compensation under his agreements with TriPac to TFM Advisors, Inc.  (SUF 16.)

The OCSC Complaint alleges that TriPac, TMI, and Fearns sought to deprive Mahathirath of compensation that he was owed as a part of their joint venture, and wages, including bonuses, that were fully earned and payable under the terms of the 2013 Employment Agreement and 2016 Employment Agreement.  (SUF 10.)  The OCSC Complaint alleges that TriPac, TMI, and Fearns breached their fiduciary

CLYDE & CO LLP
355 S. Grand Avenue
Suite 1400
Los Angeles, CA 90071
United States

duties by failing to account for revenues, engaging in self-dealing, and converting the money due and owing to the Mahathirath and TFM Advisors, Inc.  (SUF 21.)

In the OCSC Complaint, Mahathirath and TFM Advisors, Inc. allege the following causes of action:

(1)     Breach of Fiduciary Duties against TriPac, TMI, and Fearns;

(2)     Breach of Contract against TriPac;

(3)     Breach of the Implied Covenant of Good Faith and Fair Dealing against TriPac;

(4)     Failure to Pay Earned Wages against TriPac;

(5)     Labor Code Section 203 Penalties against TriPac;

(6)     Equitable Accounting against TriPac, TMI, and Fearns;

(7)     Constructive Trust against TriPac, TMI, and Fearns; and,

(8)     Declaratory Relief against TriPac, TMI, and Fearns.

(SUF 30.)

### C.     Tender of the OCSC Action and Chubb's Coverage Position

On December 3, 2020, TriPac, TMI, and Fearns tendered the OCSC Complaint to Chubb for coverage under the Chubb Policy.  (SUF 33.)

On January 6, 2021, Chubb issued its initial coverage position for the OCSC Complaint.  (SUF 34.)  In that letter, Chubb declined coverage for TMI on the basis it did not constitute an "Insured" under the Chubb Policy.  (SUF 35.)  Chubb declined coverage for TriPac on the grounds that coverage was precluded by the Employment Practices Exclusion and the Contract Exclusion of the Chubb Policy.  (SUF 36.)  Chubb also reserved "the right to review all coverage issues and not merely those raised by any additional information or evidence."  (SUF 37.)

By letter dated January 11, 2021, coverage counsel for TriPac, TMI, and Fearns challenged Chubb's coverage position and requested that Chubb reconsider its coverage denial.  (SUF 30.)

In its letter dated February 11, 2021, Chubb maintained its position that the

FEDERAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

Employment Practices Exclusion precluded coverage for TriPac.  (SUF 39.)

On March 29, 2021, Chubb issued its modified coverage position to coverage counsel for TriPac, TMI, and Fearns.  (SUF 40.)  In that letter, Chubb asserted that the Contract Exclusion precluded coverage for TriPac and TMI.  (SUF 41.)

### D.     The OCSC Action Is Compelled To Arbitration

On December 30, 2020, TriPac, TMI, and Fearns filed a Petition to Compel Arbitration on the basis that the causes of action in the OCSC Complaint were subject to the contractual arbitration provision of the 2016 Employment Agreement.  (SUF 42–46; RJN, Ex. 2, pp. 6–20.)  On May 25, 2021, the court issued an Order granting the Petition to Compel Arbitration and staying the OCSC Action.  (SUF 50–52.)

Subsequently, on August 11, 2021, Mahathirath filed a cross-complaint (the "Cross-Complaint") against TriPac, TMI, and Fearns in the arbitration captioned, *TriPacific Capital Advisors, LLC, v. TFM Advisors, Inc. and Tom F. Mahathirath,* JAMS Orange County, JAMS Case No. 1200057704 (the "Arbitration").  (SUF 53.)

The Cross-Complaint asserts the same allegations, the same causes of action, and seeks the same relief as the OCSC Complaint.  (SUF 54.)  (Hereinafter, the OCSC Action and the Cross-Complaint in Arbitration are collectively referred to as the "Mahathirath Action.")

### E.     The Coverage Action

On May 18, 2021, TriPac, TMI, and Fearns initiated this coverage action against Chubb for breach of contract and declaratory relief.  (ECF No. 1.)  In the operative Second Amended Complaint, all four causes of action are asserted by TriPac and TMI against Chubb.  (ECF No. 23, ¶¶ 37–57.)  The First Cause of Action (Breach of Contract) alleges that Chubb has breached its contractual obligation to defend and indemnify TriPac and TMI for the Mahathirath Action.  (ECF No. 23, ¶ 40.)  The Second Cause of Action (Declaratory Relief re  "Other

CLYDE & CO LLP
355 S. Grand Avenue
Suite 1400
Los Angeles, CA 90071
United States

FEDERAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE,
PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

Insurance" Clause) seeks a judicial determination that Chubb's obligation to defend TriPac and TMI is primary.  (ECF No. 23, ¶ 43.)  The Third Cause of Action (Declaratory Relief regarding Duty to Defend) seeks a judicial determination that Chubb owes a duty to defend TriPac and TMI in the Mahathirath Action.  (ECF No. 23, ¶¶ 50–51.)  The Fourth Cause of Action (Declaratory Relief regarding Exclusion for "Liability Under Any Contract or Agreement") seeks a judicial determination that the Contract Exclusion of the Chubb Policy does not preclude coverage for TriPac and TMI for the Mahathirath Action.  (ECF No. 23, ¶ 56.)

On October 1, 2021, Fearns filed a motion for partial summary judgment on the Second Cause of Action regarding the "Other Insurance" clause.  (ECF No. 25.)  On November 15, 2021, the Court granted Fearns's motion for partial summary judgment.  (ECF No. 43.)

## III.    GOVERNING LEGAL STANDARDS

Summary judgment is appropriate under Rule 56 when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  The moving party bears the burden of identifying evidence in the record demonstrating the absence of a genuine issue of material fact.  *Celotex Corp.*, 477 U.S. at 323.  A material fact is one that might affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Id.*  If the moving party meets its initial burden, the non-moving party then has the burden of identifying evidence of a genuine dispute of material fact.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

Summary judgment is appropriate here because there is no genuine dispute of any material fact and Chubb is entitled to judgment as a matter of law.

CLYDE & CO LLP
355 S. Grand Avenue
Suite 1400
Los Angeles, CA 90071
United States

CLYDE & CO LLP
355 S. Grand Avenue
Suite 1400
Los Angeles, CA 90071
United States

## IV.    ARGUMENT

### A.    Coverage For TriPac And TMI is Precluded By the Contract Exclusion

#### 1.    The Contract Exclusion

The Contract Exclusion of the Chubb Policy provides as follows:

> [Chubb] shall not be liable under Insuring Clause (C), Entity Liability Coverage, for **Loss** on account of any **Claim** made against any **Organization**:
>
> *        *        *
>
> (B)    based upon, arising from, or in consequence of any **Insured's** liability under any contract or agreement regardless of whether such liability is direct or assumed; provided this Exclusion IV.(B) shall not apply to liability that would attach to an **Insured** even in the absence of a contract or agreement[.]

(SUF 8.)

As demonstrated below, the Contract Exclusion precludes coverage for TriPac and TMI for the Mahathirath Action.

#### 2.    TriPac And TMI Are Judicially Estopped From Asserting That The Contract Exclusion Does Not Apply

TriPac and TMI (and Fearns) filed a Petition to Compel Arbitration in the OCSC Action on the basis that all of the causes of action in the OCSC Complaint were subject to the following contractual arbitration provision of the 2016 Employment Agreement (SUF 42–46):

> **6. Arbitration of Disputes**.    You agree to submit all controversies, claims or disputes arising directly or indirectly out of or in connection with this letter or your employment with TriPacific to final and binding arbitration before JAMS in Orange County California.    The arbitrator shall be selected in accordance with the JAMS selection procedures in effect at the time.    Either party may initiate arbitration proceedings by filing a demand for arbitration with JAMS in Orange County California.    The arbitrator shall have the authority to grant any relief authorized by

13

CLYDE & CO LLP
355 S. Grand Avenue
Suite 1400
Los Angeles, CA 90071
United States

law, however, no discovery shall be permitted consistent with the parties' desire to minimize costs and facilitate an expedited proceeding. The arbitrator shall issue a written arbitration decision stating the arbitrator's essential findings and conclusions upon which any award is based. A party's right of review of the decision is limited to grounds provided under applicable law. The parties agree that the arbitration shall be final and binding and any arbitration award shall be enforceable in any court having jurisdiction to enforce this arbitration agreement.

(SUF 44.)

In the Petition to Compel Arbitration, TriPac and TMI argued that the 2016 Employment Agreement "encompasses" all the causes of action alleged in the OCSC Complaint. (SUF 43.) Specifically, TriPac and TMI argued as follows:

[Mahathirath] admits in [the OCSC Complaint] that he signed the agreement containing the arbitration language at issue here, and even acknowledges that the agreement was the product of several months of negotiations between himself and TriPacific's President, defendant Geoffrey Fearns. The parties' agreement encompasses all claims[1] alleged in the [OCSC Complaint]. Under both California and federal law, this Court is bound to enforce the agreement and compel arbitration.

(SUF 43.)

The argument of TriPac and TMI was successful. Based on the arbitration provision of the 2016 Employment Agreement, the court in the OCSC Action granted the Petition to Compel Arbitration and ordered all the causes of action alleged in the OCSC Complaint to arbitration. (SUF 50–52.) Thus, the doctrine of judicial estoppel bars TriPac and TMI from asserting that the 2016 Employment Agreement does not encompass all causes of action alleged by Mahathirath in the OCSC Complaint and that the Contract Exclusion does not apply to the Cross-Complaint Mahathirath subsequently filed in the Arbitration.

---

[1] "Claims" as used in the Petition to Compel Arbitration means causes of action.

FEDERAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

The doctrine of judicial estoppel applies to estop a party from asserting a position when, as here, the following elements have been satisfied: "(1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake." *Aguilar v. Lerner*, 32 Cal.4th 974, 986–87 (2004). Judicial estoppel is intended to be "invoked to prevent a party from changing its position over the course of judicial proceedings when such positional changes have an adverse impact on the judicial process" and is "intended to protect against a litigant playing fast and loose with the courts." *M. Perez Co., Inc. v. Base Camp Condominiums Assn. No. One*, 111 Cal. App. 4th 456, 464–65 (2003).

First, in the Petition to Compel Arbitration, TriPac and TMI argued that the 2016 Employment Agreement "encompasses" all causes of action alleged by Mahathirath in the OCSC Complaint.  (SUF 43.)  Here, however, in the Fourth Cause of Action of the Second Amended Complaint, TriPac and TMI assert that the Contract Exclusion does not preclude coverage for TriPac and TMI for the Mahathirath Action.  (ECF No. 23, ¶¶ 53–57.)

Second, TriPac and TMI took these positions in the OCSC Action and in the Second Amended Complaint on file herein, both of which are judicial proceedings. (SUF 47 and ECF No. 23.)

Third, TriPac and TMI were successful in asserting the first position that the 2016 Employment Agreement encompasses all the causes of action alleged by Mahathirath in the OCSC Complaint, as the court in the OCSC Action granted the Petition to Compel Arbitration and ordered all of the causes of action in the OCSC Complaint to arbitration.  (SUF 50.)

Fourth, the positions taken by TriPac and TMI in the OCSC Action and this action are inconsistent.  (SUF 48.)  TriPac and TMI cannot assert in the OCSC

CLYDE & CO LLP
355 S. Grand Avenue
Suite 1400
Los Angeles, CA 90071
United States

15

1   Action that the 2016 Employment Agreement encompasses all causes of action

2   asserted by Mahathirath and then argue the same causes of action are not based upon

3   or arising out of the liability of TriPac and TMI under the 2016 Employment

4   Agreement.

5   Fifth, the position taken by TriPac and TMI in the Petition to Compel

6   Arbitration was a conscious decision, not a result of ignorance, fraud or mistake.

7   (SUF 49.)

8   Consequently, the doctrine of judicial estoppel bars TriPac and TMI from

9   asserting that the 2016 Employment Agreement does not encompass all claims

10   alleged by Mahathirath in the OCSC Complaint.

### 3. The Insureds Correctly Argued, And The Court In the OCSC Action Correctly Ruled, That The Mahathirath Action Is Based Upon Or Arising From Contracts

13   TriPac and TMI cannot dispute that the Mahathirath Action alleges an

14   employment dispute between Mahathirath and TriPac arising out of a series of

15   written agreements, i.e., the 2013 Employment Agreement and the 2016

16   Employment Agreement. The heart of the Mahathirath Action is the contention that

17   TriPac failed to pay wages, bonuses, and other amounts due pursuant to the 2013

18   Employment Agreement and the 2016 Employment Agreement. Indeed, the

19   introductory allegations of the Mahathirath Action assert that "[t]his case arises

20   from an effort . . . to deprive Mahathirath of compensation . . . as well as *wages,*

21   *including bonuses, that were fully earned and payable under the terms of his written*

22   *contracts with TriPac…*" (SUF 11 and 55.) (emphasis added.)

23   More specifically, Mahathirath alleges he entered into the 2013 Employment

24   Agreement with TriPac when he was hired in September 2013 as a Vice President -

25   Investment Manager. (SUF 12 and 56.) Mahathirath asserts that TriPac breached

26   the 2013 Employment Agreement by failing to pay the bonuses and additional fees

27   Mahathirath was entitled to under the terms of the 2013 Employment Agreement,

28

16

FEDERAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

and that an equitable accounting is necessary to substantiate the unpaid fees.  (SUF 13 and 57.)

Mahathirath alleges that when he considered leaving TriPac in 2015, Fearns engaged in conversations with him to entice him to stay with TriPac.  (SUF 14 and 58.)  Mahathirath contends that TriPac agreed to promote Mahathirath, increase his compensation, and modify the method in which Mahathirath's bonuses were calculated such that Mahathirath was entitled to 50% of the net profits TriPac received from the investments that Mahathirath originated and managed.  (SUF 14 and 58.)  This oral agreement was allegedly consummated by the 2016 Employment Agreement.  (SUF 15 and 59.)

Following the execution of the 2016 Employment Agreement, Mahathirath alleges that he executed an Assignment of Bonus Compensation and Acknowledgement of Independent Contractor Status by which he assigned all of bonus compensation under his agreements with TriPac to a new company that he had formed, TFM Advisors, Inc.  (SUF 16 and 60.)  Mahathirath contends that TriPac consented to this assignment and also signed the document.  (SUF 16 and 60.)

Mahathirath contends, however, that TriPac had been deferring receipt of fees and income from TriPac's client, the UC Regents, that were otherwise earned, owed, and payable.  (SUF 17 and 61.)  Mahathirath alleges that as a result of TriPac's bad faith deferral of finance and management fees and commissions, TriPac failed to pay Mahathirath at least $8.5 million in earned bonuses and commissions at the time Mahathirath's employment with TriPac was terminated.  (SUF 18 and 62.)

Mahathirath further alleges that TriPac initiated an arbitration against Mahathirath and TFM Advisors alleging that Mahathirath and TFM Advisors had been overpaid by TriPac by $345,079.  (SUF 19 and 63.)

All of the Causes of Action in the Mahathirath Action incorporate by reference the introductory allegations set forth above.  (SUF 31 and 75.)  These

17

CLYDE & CO LLP
355 S. Grand Avenue
Suite 1400
Los Angeles, CA 90071
United States

CLYDE & CO LLP
355 S. Grand Avenue
Suite 1400
Los Angeles, CA 90071
United States

Causes of Action are all based on or arising from TriPac's obligations under the 2013 Employment Agreement and/or the 2016 Employment Agreement, as discussed below.  All of the exhibits to the Mahathirath Action are contractual in nature.  (SUF 32 and 76.)

The First Cause of Action for Breach of Fiduciary Duties alleges that TriPac and TMI owed Mahathirath fiduciary duties "by virtue of their fifty/fifty split of the net profits of TriPac *following execution of the 2016 [Employment] Agreement* …" (SUF 20 and 64.) (emphasis added.)  Mahathirath alleges that TriPac and TMI breached their fiduciary duties by failing to account for revenues to determine Mahathirath's share of the profits, engaged in self-dealing, and converting the money due and owing to Mahathirath.  (SUF 21 and 65.)

Mahathirath asserts the Second Cause of Action for Breach of Contract against TriPac on the basis that TriPac breached the 2013 Employment Agreement and the 2016 Employment Agreement by failing to pay Mahathirath's "wages, commissions, and bonuses *due and payable under the contracts*…"  (SUF 22 and 66.) (emphasis added.)

The basis for the Third Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing against TriPac is the allegation that TriPac interfered with Mahathirath's rights under the 2013 Employment Agreement and the 2016 Employment Agreement, by deferring payments owed to TriPac pursuant to TriPac's agreement with the UC Regents.  (SUF 23 and 67.)

The Fourth and Fifth Causes of Action for the Failure to Pay Earned Wages in Violation of California Labor Code and Labor Code Section 203 Penalties, respectively, are based on the allegation that TriPac failed to pay Mahathirath earned bonuses and commissions, which constitute wages under California Law. (SUF 24–26 and 68–70.)  These causes of action are based on the wages, commissions, and bonuses that are allegedly owed pursuant to the 2013 Employment Agreement and the 2016 Employment Agreement.  (*See* SUF 11, 13,

18

18, 22, 55, 57, 62, and 66.)  The alleged labor code violations could not exist absent the 2013 Employment Agreement and 2016 Employment Agreement.

The Sixth Cause of Action for Equitable Accounting is based on the allegation that  "*under the parties' written contracts* and their joint venture, [Mahathirath and TFM Advisors] were entitled to receive fifty percent of TriPac's net profits from investments with the UC Regents."  (SUF 27 and 71.) (emphasis added.)

In the Seventh Cause of Action for Constructive Trust, Mahathirath contends that he "[h]ad the legal and equitable right to that money and it was due and owing *under the parties' written contracts*."[2]  (SUF 28 and 72.) (emphasis added.)

In the Eighth Cause of Action for Declaratory Relief, Mahathirath seeks a judicial determination that TriPac's arbitration demand for an alleged overpayment of wages to Mahathirath is an unlawful claw back of wages under California law. (SUF 29 and 73.)  This allegation is based on the arbitration provision of the 2016 Employment Agreement.  TriPac could not have filed an arbitration demand against Mahathirath if not for the 2016 Employment Agreement.

In summary, all the causes of action against TriPac and TMI are based upon or arise out of contract.

### 4. The Contract Exclusion Broadly Precludes Coverage for TriPac and TMI Because All Of The Causes Of Action In the Mahathirath Action Are Based Upon Or Arising From Contracts

Courts applying California law hold that the phrase, "arising out of" or "arising from," even when used in exclusions, must be construed broadly so as to exclude anything flowing from the excluded matter.  *See, e.g., Los Angeles Lakers v. Fed. Ins. Co.*, 869 F. 3d 795, 801 (9th Cir. 2017) (policy containing exclusion for

---

[2] As to the Sixth and Seventh Causes of Action, there are no allegations in the Mahathirath Action that Fearns entered into a written contract.

CLYDE & CO LLP
355 S. Grand Avenue
Suite 1400
Los Angeles, CA 90071
United States

CLYDE & CO LLP
355 S. Grand Avenue
Suite 1400
Los Angeles, CA 90071
United States

claims "arising from, or in consequence of invasion of privacy" interpreted broadly because "California courts and our court have consistently given a broad interpretation to the clause 'arising from' in an insurance contract.").

All the wrongful conduct alleged in the Mahathirath Action is "based upon, arising from, or in consequence of" TriPac's liability under the 2013 Employment Agreement and the 2016 Employment Agreement.  This is further supported by the fact that all of Causes of Action in the OCSC Complaint were compelled to arbitration pursuant to the arbitration provision of the 2016 Employment Agreement.  Furthermore, liability for the Causes of Action for Breach of Fiduciary Duty, Breach of the Implied Covenant of Good Faith, Equitable Accounting, Constructive Trust, California Labor Code violations, and Declaratory Relief would not have attached "in absence of" the 2013 Employment Agreement and the 2016 Employment Agreement.  These Causes of Action all arise from the employment relationship between TriPac and Mahathirath, which is defined by the 2013 Employment Agreement and the 2016 Employment Agreement, and would have not existed without the 2013 Employment Agreement and the 2016 Employment Agreement.

California courts interpreting similar exclusionary language have held that the exclusion bars coverage not only for breach of contract claims, but also for tort claims and statutory claims based upon, arising from or in any way related to the contract.  The relevant inquiry is whether the claims could have arisen had the contracts never existed.

The court in *W.G. Hall, LLC v. Zurich Am. Ins. Co.*, 2017 WL 3782771 (N.D. Cal. Aug. 31, 2017), granted summary judgment for an insurer on the duty to defend based on similar contract exclusion, which barred coverage for any claim "based upon or arising out of … [a]ny liability assumed by an insured under any contract or agreement, unless such liability would have attached to the insured by law in the absence of such contract or agreement."  *Id.* at *6.  In *Hall,* the insured sought

20

coverage after settling a wage and hour class action suit alleging the insured violated the California Labor Code and Industrial Welfare Commission ("IWC") Wage Order by failing to pay wages to its employees. *Id.* at *1. The insured argued that the contract exclusion did not apply because "the Labor Code and IWC Wage Order claims attached to WGH by law, regardless of any contract." *Id.* at *6.

The *Hall* court disagreed, noting that the use of the phrase "arising out of" in the contract exclusion. *Id.* at *6. The *Hall* court cited to *Medill v. Westport Ins. Corp.*, 143 Cal. App. 4th 819, 830 (2006), for the following proposition:

> California courts have consistently given a broad interpretation to the terms 'arising out of' or 'arising from' in various kinds of insurance provisions. It is settled that this language does not import any particular standard of causation or theory of liability into an insurance policy. Rather, it broadly links a factual situation with the event creating liability, and connotes only a minimal causal connection or incidental relationship. Such language requires the court to examine the conduct underlying the ... lawsuit, instead of the legal theories attached to the conduct.

*Hall*, at *6 (quoting *Medill v. Westport Ins. Corp.*, 143 Cal. App. 4th 819, 830 (2006); *Acceptance Ins. Co. v. Syufy Enterprises*, 69 Cal. App. 4th 321, 328 (1999); *Century Transit Systems, Inc. v. American Empire Surplus Lines Ins. Co.*, 42 Cal. App. 4th 121, 127 n.4 (1996)).

Relying on the principles set forth in *Medill,* the *Hall* court determined that the "alleged Labor Code and IWC Wage Order violations would not exist absent an employment contract" and thus arose "directly from the [contractual] employment relationship." *Id*. at *7.

In *Medill v. Westport Ins. Corp.*, 143 Cal. App. 4th 819, 822 (2006), former directors and officers of a nonprofit organization sought coverage under their liability insurance policy for claims of negligence and breach of fiduciary duty asserted against them after the organization defaulted on their contractual obligations on a series of bonds. The definition of "loss" under the policy at issue

21

expressly excluded damages "arising out of" breach of any contract, with limited exception. *Id.* at 829. Even though the claims sounded in tort, the court held that the policy's exclusionary language barred coverage and, thus, the insurer did not owe a duty to defend. *Id.* at 829–32.

In so holding, the *Medill* court recognized that: "Without the breaches of the contractual obligations to make repayments on the bonds, there would have been no loss to the bondholders and no recovery against the directors and officers for mismanagement, negligence or breach of fiduciary duty." *Id.* at 831. The *Medill* court concluded that the tort claims were not independent of the breach of contract claims because no aspect of the underlying litigation would have existed without the alleged breaches of contractual obligations. *Id.* at 831.

In *Office Depot Inc. v. AIG Specialty Ins. Co.,* 2019 WL 4570011, at *1 (C.D. Cal. June 21, 2019), *aff'd,* 829 F. App'x 263 (9th Cir. 2020), the district court examined a contract exclusion in two multimedia policies issued by AIG to Office Depot. The policies had an exclusion for any claim "alleging, arising out of or resulting, directly or indirectly, from any liability or obligation under any contract or agreement or out of any breach of contract…" *Id.* at *2. The exclusion included a carve back for liability that would have attached to Office Depot in the absence of an agreement. *Id.* AIG declined coverage for the underlying lawsuit which alleged that Office Depot violated its contracts with several California public entities through various pricing practices. *Id.* at *3. Office Depot argued that the underlying claims fell within the carve back because the underlying action asserted extra-contractual legal theories, including fraud. *Id.* at *5. The court disagreed, noting that the underlying claims all "arose out of, at least indirectly, Office Depot's contractual obligations." *Id.* at *5. The court held that "none of the claims – which ultimately all related to the core allegation that Office Depot overcharged on government contracts – could have been raised absent the underlying contracts…" *Id.* at *5.

The *Office Depot* court went on to state that even if the court interpreted the exclusion narrowly to apply only to claims arising out of breach of contract (rather than claims arising out of liability under a contract), coverage would still be barred because California courts have interpreted breach of contract exclusions to apply to extra-contractual claims. *Id.* at *6 (citing *Medill, supra*, 143 Cal. App. 4th at 826 and 831). Thus, even under a narrow interpretation, the *Office Depot* court held that the wrongful conduct would not have existed without the contracts and, therefore, were within the scope of the exclusion. *Id.* at *6.

The same is true here. The Contract Exclusion includes a broad preamble which precludes coverage for **Loss** on account of any **Claim** "based upon, arising from, or in consequence of any **Insured's** liability under any contract or agreement…" Mahathirath's claims all relate to the core allegation that TriPac and TMI failed to pay bonuses and commissions pursuant to the 2013 Employment Agreement and the 2016 Employment Agreement. The causes of action against TriPac and TMI for breach of fiduciary duties, breach of the implied covenant of good faith, Labor Code violations, equitable accounting, constructive trust, and declaratory relief would not exist without the 2013 Employment Agreement and the 2016 Employment Agreement. Consequently, the Contract Exclusion precludes coverage for TriPac and TMI for the Mahathirath Action.

## B. Because Coverage For TriPac And TMI Is Precluded By The Contract Exclusion, There Is No Duty To Defend TriPac Or TMI

"The obligation to defend is predicated upon liability for a loss covered by the policy." *B&E Convalescent Center v. State Compensation Ins. Fund*, 8 Cal. App. 4th 78, 102 (1992). As the court stated in *Alterra Excess & Surplus Ins. Co. v. Snyder,* 234 Cal. App. 4th 1390, 1401 (2015) (quoting Croskey et al., Cal. Practice Guide: Insurance Litigation (The Rutter Group 2014) ¶ 7:537):

> Those liberal, pro-insured rules notwithstanding, there is no duty to defend if there is no potential for coverage. As the leading California insurance treatise puts it, 'the insured's

CLYDE & CO LLP
355 S. Grand Avenue
Suite 1400
Los Angeles, CA 90071
United States

> duty to defend does not extend to claims for which there is no potential for liability coverage. This includes claims falling outside of the insuring clause, or within an express exclusion from coverage or barred by statutory or public policy limitations. The insurer need not defend if the third party complaint can by no conceivable theory raise a single issue which could bring it within policy coverage.

As established above, the Contract Exclusion precludes coverage for the causes of action against TriPac and TMI in the Mahathirath Action.  Consequently, Chubb has no duty to defend TriPac or TMI.

**V.    CONCLUSION**

For the foregoing reasons, this Court should grant Chubb's Motion for Summary Judgment or, in the alternative, Partial Summary Judgment as to TriPac and TMI.

Dated:  December 13, 2021                    CLYDE & CO LLP


By:  /s/ Kim W. West
     Kim W. West
     Attorneys for Defendant,
     FEDERAL INSURANCE COMPANY

CLYDE & CO LLP
355 S. Grand Avenue
Suite 1400
Los Angeles, CA 90071
United States