JS-6/STAYED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-919 JVS (JDEx) | Date | January 28, 2022 |
| Title | TriPacific Capital Advisors, LLC v. Federal Insurance Company | | |

| | |
|---|---|
| Present: The Honorable | **James V. Selna, U.S. District Court Judge** |

| | |
|---|---|
| Lisa Bredahl | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion for Summary Judgment**

Defendant Federal Insurance Company ("Chubb") filed a motion for summary judgment on all claims brought against it by Plaintiffs TriPacific Capital Advisors, LLC ("TriPac") and TriPacific Managers, Inc. ("TMI"). Mot., Dkt. No. 46. TriPac and TMI opposed the motion. Opp'n, Dkt. No. 54. Chubb responded. Reply, Dkt. No. 57.

For the following reasons, the Court **GRANTS** the motion for summary judgment.

### I. BACKGROUND

This case concerns a dispute over insurance coverage. TriPac is a financial services company based in Orange County that manages institutional capital for residential construction projects. Statement of Undisputed Facts ("SUF"), Dkt. No. 56, ¶ 85. On November 17, 2020, Tom Mahathirath ("Mahathirath"), a former TriPac employee, filed a complaint against TriPac, TMI, and Geoffrey S. Fearns ("Fearns") in Orange County Superior Court, alleging that he was owed at least $8.5 million. See SUF ¶¶ 10–18.

#### A. Mahathirath Action

Mahathirath's initial terms of employment were set forth in an agreement dated September 3, 2013 ("2013 Employment Agreement"). Id. ¶ 86. On January 14, 2016, Mahathirath and TriPac entered into a revised employment agreement ("2016 Employment Agreement") that increased Mahathirath's base salary and changed the formula for bonus calculation. Id. ¶¶ 88–89. The 2016 Employment Agreement included

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-919 JVS (JDEx) | Date | January 28, 2022 |
| Title | TriPacific Capital Advisors, LLC v. Federal Insurance Company | | |

an arbitration clause with the following language: "You agree to submit all controversies, claims or disputes arising directly or indirectly out of or in connection with this letter or your employment with TriPacific to final and binding arbitration before JAMS in Orange County California." Id. ¶ 44.

On December 30, 2020, TriPac, TMI, and Fearns filed a Petition to Compel Arbitration in the Superior Court action. Id. ¶ 42. On May 25, 2021, Orange County Superior Court granted the petition to compel arbitration and stayed the state court proceedings. Id. ¶ 50. On August 11, 2021, Mahathirath filed a cross-complaint in arbitration. Id. ¶ 53. It is undisputed that both the initial complaint filed in Superior Court and the cross-complaint filed in arbitration (collectively, the "Mahathirath Action") contain materially identical factual allegations and causes of action. SUF ¶ 54. Mahathirath brought the following causes of action: (1) Breach of Fiduciary Duties against TriPac, TMI, and Fearns; (2) Breach of Contract against TriPac; (3) Breach of the Implied Covenant of Good Faith and Fair Dealing against TriPac; (4) Failure to Pay Earned Wages against TriPac; (5) Labor Code Section 203 Penalties against TriPac; (6) Equitable Accounting against TriPac, TMI, and Fearns; (7) Constructive Trust against TriPac, TMI, and Fearns; and (8) Declaratory Relief against TriPac, TMI, and Fearns. Id. ¶¶ 30, 74; see also RJN, Exs. 1 & 4. On December 3, 2020, TriPac and TMI tendered the Mahathirath Action to Chubb for coverage. SUF ¶ 33.

  B. *Chubb Policy*

Chubb issued Asset Management Protector Policy Number 8246-0819 ("Chubb Policy") for the policy period of November 1, 2020 through November 1, 2021. Id. ¶ 1. The Chubb Policy initially listed TriPacific Capital Advisors as the Named Organization before an amendment with an effective date of January 7, 2021, replaced it with TriPacific Managers, Inc. as the Named Organization. Id. ¶ 2; Chubb Policy, Dkt. No. 46-1, Ex. 5, at 15, 86. The Chubb Policy includes a "Directors & Officers Liability Coverage Part" with an aggregate limit of liability of $5,000,000, and a retention amount of $150,000. ("Chubb D&O Coverage"). SUF ¶ 3; Chubb Policy at 15.

Endorsement Number 11 provides that "[i]t shall be the duty of the Company and not the duty of the Insured to defend Claims made against the Insured. The Company's duty to defend any Claim shall cease upon exhaustion of the applicable Limit of Liability

JS-6/STAYED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-919 JVS (JDEx) | Date | January 28, 2022 |
| Title | TriPacific Capital Advisors, LLC v. Federal Insurance Company | | |

set forth in Item 3 of the Declarations." Chubb Policy at 57 (Section VII.(A)). Endorsement Number 11 also describes how defense costs are allocated as coverable loss in the event that a claim against the insured includes both covered and noncovered matters. Id. at 58 (Section VIII). Under the D&O Coverage, "Loss" is defined as "the amount that an Insured becomes legally obligated to pay on account of any Claim," including "Defense Costs." Id. at 29 (Section II.(E)).

Section IV of the D&O Coverage Part includes the following exclusion:

> In addition to the Exclusions in Section III. above, the Company shall not be liable under Insuring Clause (C), Entity Liability Coverage, for Loss on account of any Claim made against any Organization: . . . (B) based upon, arising from, or in consequence of any Insured's liability under any contract or agreement regardless of whether such liability is direct or assumed; provided this Exclusion IV.(B) shall not apply to liability that would attach to an Insured even in the absence of a contract or agreement . . ."

Chubb Policy at 32. For the purposes of this Order, the Court refers to Exclusion IV.B as the "Contract Exclusion."

  C. *Coverage Dispute*

Plaintiffs tendered the Mahathirath Action to Chubb for coverage on December 3, 2020. SUF ¶ 33. On January 6, 2021, Chubb sent a letter denying coverage on the basis that TMI did not constitute an "Insured" under the Policy, id. ¶ 35, and denying coverage for TriPac on the basis that coverage was precluded by the Employment Practices Exclusion and the Contract Exclusion. Id. ¶ 36. After reconsideration, Chubb ultimately issued its modified coverage position on March 29, 2021, asserting that the Contract Exclusion precluded coverage for TriPac and TMI. Id. ¶ 41.

  D. *Requests for Judicial Notice*

Chubb filed a request for judicial notice ("RJN") in support of its motion. See Dkt. No. 47. Chubb also filed a supplemental RJN in support of its reply. See Dkt. No. 58. Specifically, Chubb seeks judicial notice of the following five documents:

JS-6/STAYED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-919 JVS (JDEx) | Date | January 28, 2022 |
| Title | TriPacific Capital Advisors, LLC v. Federal Insurance Company | | |

(1) a true and correct copy of the complaint dated November 17, 2020, Orange County Superior Court, Case No. 30-2020-01170513-CU-BC-CJC; Tom Mahathirath and TFM Advisors, Inc. against TriPac, TMI, and Fearns, captioned <u>Tom Mahathirath v. TriPacific Capital Advisors, TriPacific Managers, Inc. and Geoffrey Fearns</u>, Orange County Superior Court, Case No. 30-2020-01170513-CU-BC-CJC (the "OCSC Action");

(2) The Memorandum of Points and Authorities in Support of TriPac, TMI, and Fearns's Petition to Compel Arbitration filed on December 30, 2020 in Orange County Superior Court, Case No. 30-2020-01170513-CU-BC-CJC.

(3) a true and correct copy of the court order granting the Petition to Compel Arbitration dated May 25, 2021, Orange County Superior Court, Case No. 30-2020-01170513-CU-BC-CJC;

(4) a true and correct copy of the cross-complaint that Tom Mahathirath and TFM Advisors, Inc. filed against TriPac, TMI, and Fearns in JAMS Arbitration Case No. 1200057704.

(5) The Declaration of Geoffrey S. Fearns in Support of TriPacific Capital Advisors, LLC, TriPacific Managers, Inc., and Geoffrey Fearns' Petition to Compel Arbitration filed on December 30, 2020, in the proceeding captioned <u>Tom Mahathirath, et al. v. TriPacific Capital Advisors, TriPacific Managers, Inc. and Geoffrey Fearns</u>, Orange County Superior Court, Case No. 30-2020-01170513-CUBC-CJC.

Under Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record if the facts are not "subject to reasonable dispute." <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688-89 (9th Cir. 2001); <u>see</u> Fed. R. Evid. 201(b). The Court finds that all of the documents for which Fearns and Chubb seek judicial notice are matters of public record that are not subject to reasonable dispute. Accordingly, the Court **GRANTS** the requests for judicial notice.

## II. LEGAL STANDARD

JS-6/STAYED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-919 JVS (JDEx) | Date | January 28, 2022 |
| Title | TriPacific Capital Advisors, LLC v. Federal Insurance Company | | |

Summary judgment is appropriate where the record, read in the light most favorable to the nonmovant, indicates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Summary adjudication, or partial summary judgment "upon all or any part of [a] claim," is appropriate where there is no genuine dispute as to any material fact regarding that portion of the claim. Fed. R. Civ. P. 56(a); see also Lies v. Farrell Lines, Inc., 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks omitted).

Material facts are those necessary to the proof or defense of a claim, and are determined by referring to substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In deciding a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.[1]

The moving party has the initial burden of establishing the absence of a material fact for trial. Anderson, 477 U.S. at 256. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . ., the court may . . . consider the fact undisputed." Fed. R. Civ. P. 56(e)(2). Furthermore, "Rule 56[(a)] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322. Therefore, if the nonmovant does not make a sufficient showing to establish the elements of its claims, the Court must grant the motion.

### III. DISCUSSION

---

[1] "In determining any motion for summary judgment or partial summary judgment, the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Disputes' and (b) controverted by declaration or other written evidence filed in opposition to the motion." L.R. 56-3.

JS-6/STAYED

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-919 JVS (JDEx) | Date | January 28, 2022 |
|---|---|---|---|
| Title | TriPacific Capital Advisors, LLC v. Federal Insurance Company | | |

Chubb seeks summary judgment on all causes of action on the grounds that there is no duty to defend the causes of action asserted by Mahathirath against TriPac and TMI because the Contract Exclusion precludes coverage. Mot. at 24. Accordingly, the Court begins by examining the parties dispute over the scope of the Contract Exclusion.

    *A.*    *TriPac and TMI Argument Concerning Scope of Contract Exclusion*

TriPac and TMI contend that Chubb owes a contractual duty to defend the first cause of action for breach of fiduciary duty because that claim is potentially covered by Chubb's D&O Policy. Opp'n at 20-21. They do not argue that the contractual duty extends to any of the other causes of action. Id. However, if Chubb does owe a contractual duty to defend the fiduciary-duty claim, it will be required to provide a defense to the entirety of the Mahathirath Action. See Buss v. Superior Court, 16 Cal. 4th 35, 48 (1997) (holding that in a "mixed action" where some claims are potentially covered and others are not, "the insurer has a duty to defend the action in its entirety").

TriPac and TMI argue that the Contract Exclusion does not apply to breach of fiduciary duty claim because Mahathirath's allegations do not conclusively establish that the claim is "based upon, arising from, or in consequence of" liability under the Employment Agreements. Opp'n at 21. First, they argue that the cause of action cannot arise from liability under the Employment Agreements as a matter of law because employers do not owe fiduciary duties to employees. Opp'n at 22. They also assert that Mahatharith does not allege that any fiduciary duties arise from liability under the Employment Agreements. Opp'n at 22-23. Finally, they also emphasize that any ambiguity should be construed in favor of coverage, because under California law, "[e]xclusions are construed strictly against the insurer and liberally in favor of the insured." Home Sav. of Am., F.S.B. v. Cont'l Ins. Co., 87 Cal. App. 4th 835, 841 (2001).

    *B.*    *Chubb Argument Regarding Scope of Contract Exclusion*

Meanwhile, Chubb argues that all of the claims in the Mahathirath Action, including the breach of fiduciary-duty claim, are "based upon, arising from, or in consequence of" TriPac and TMI's liability under the Employment Agreements. Mot. at

JS-6/STAYED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-919 JVS (JDEx) | Date | January 28, 2022 |
| Title | TriPacific Capital Advisors, LLC v. Federal Insurance Company | | |

20. It argues that the phrase "arising out of" or "arising from" must be construed broadly under California law. See Los Angeles Lakers v. Fed. Ins. Co., 869 F.3d 795, 801 (9th Cir. 2017) ("California courts and our court have consistently given a broad interpretation to the clause 'arising from' in an insurance contract."). Chubb also asserts that TriPac and TMI's arguments to the contrary are barred by the doctrine of judicial estoppel because of allegedly inconsistent positions taken by TriPac and TMI in their petition to compel arbitration. Mot. at 14.

Thus, the Court begins by considering what restrictions, if any, judicial estoppel places on the arguments that TriPac and TMI can make in this proceeding before turning to the question of whether the Contract Exclusion applies to the breach of fiduciary duty claim.

  C. *Judicial Estoppel*

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir. 2001). The doctrine is "intended to protect against a litigant playing fast and loose with the courts." Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990) (internal quotation and citation omitted). "Federal law governs the application of judicial estoppel in federal courts." Johnson v. State, Oregon Dep't of Human Resources, Rehabilitation Div., 141 F.3d 1361, 1364 (9th Cir. 1998). This is true regardless of whether the case involves state law claims. See Nada Pacific Corp. v. Power Eng'g & Mfg., Ltd., 73 F. Supp. 3d 1206, 1215-16 (N.D. Cal. 2014).

The Ninth Circuit considers a set of three factors enumerated by the Supreme Court to determining whether to invoke the doctrine in a given case. See Hamilton, 270 F.3d at 782-83. First, "a party's later position must be 'clearly inconsistent' with its earlier position." Id. (quoting New Hampshire v. Maine, 532 U.S. 742, 750 (2001)). Second, the party must have "'succeeded in persuading a court to accept that party's earlier position.'" Id. at 782 (quoting New Hampshire, 532 U.S. at 750). "'Third, the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.'" Id. (quoting New Hampshire, 532 U.S. at 751).

JS-6/STAYED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 21-919 JVS (JDEx) Date January 28, 2022

Title TriPacific Capital Advisors, LLC v. Federal Insurance Company

    In support of their argument that judicial estoppel should apply here, Chubb repeatedly references TriPac and TMI's prior argument that the agreement to arbitrate "encompasses" Mahathirath's claims. See, e.g., Reply at 6-7. In the Petition to Compel Arbitration TriPac and TMI argued that "[t]he parties' agreement encompasses all claims alleged" by Mahathirath, and that the test to determine whether the court must issue an order compelling arbitration asks whether "(1) a valid agreement to arbitrate exists; and (2) that agreement encompasses the dispute at issue." RJN, Ex 2, at 97; see also RJN, Ex. 2, at 98 (TriPac and TMI arguing that "[b]oth parts of the test are satisfied here"); RJN Ex.2, at 98–99 ("Plaintiff's claims arise out of his employment with TriPacific, and thus fall squarely within Plaintiff's agreement to arbitrate"). In Chubb's view, it would be inconsistent for TriPac and TMI to now argue that the Contract Exclusion does not apply to the breach of fiduciary duty claim.

    In response, TriPac and TMI emphasize that the arbitration clause and Contract Exclusion do not have identical language and are not coextensive. Opp'n at 16. The Court agrees. The arbitration clause applies to claims "arising directly or indirectly out of or in connection with this or letter or your employment with TriPacific." SUF ¶ 44. The Contract Exclusion applies to claims "based upon, arising from, or in consequence of any Insured's liability under any contract or agreement regardless of whether such liability is direct or assumed." Chubb Policy at 32. The argument made by TriPac and TMI in front of the Superior Court that the "claims arise out of [Mahatharith's] employment with TriPacific, and thus fall squarely within [Mahathirath's] agreement to arbitrate" is distinct from their contention here that the fiduciary-duty claim does not conclusively arise from contractual liability. These positions are not "clearly inconsistent." There are two different contract provisions at issue, each using different language. The Court is persuaded that a theoretical claim could exist that "arises directly or indirectly out of or in connection with . . . employment," but is not "based upon, arising from, or in consequence of . . . liability under any contract."

    Chubb's also argues that the position taken by TriPac and TMI is inconsistent with Fearns' characterization of the Mahathirath Action in his earlier motion for summary judgment in this case. See Reply at 8–9. As a preliminary matter, the Court notes that this is a new argument raised by Chubb on reply. See Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). Regardless, the positions are not inconsistent. Fearns argued, and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 21-919 JVS (JDEx)                                    Date  January 28, 2022

Title  TriPacific Capital Advisors, LLC v. Federal Insurance Company

Court agreed, that he had established the potential that he was acting in his capacity as a TriPac director or officer. See Dkt. No. 43 at 8–10. Chubb is citing the Court's order, and the position taken by Fearns, for an overly broad proposition. "[T]he insured need only show that the underlying claim *may* fall within policy coverage; the insurer must prove it *cannot*." Montrose Chem. Corp. v. Superior Court, 6 Cal. 4th 287, 300 (1993). Fearns merely argued, and the Court accepted, that there was the potential that the breach of fiduciary claim may be covered. Similarly, TriPac and TMI argue here that the fiduciary-duty claim does not "conclusively" arise from their liability under the Employment Agreements. See Opp'n at 21. These are not inconsistent positions.

Accordingly, the Court finds that TriPac and TMI are not judicially estopped from presenting their arguments, and now turns to the question of whether the Contract Exclusion applies to the breach of fiduciary-duty claim.

### D.    *Impact of Contract Exclusion on Coverage*

The relevant portion of the Contract Exclusion provides that Chubb is not liable to cover any claim "based upon, arising from, or in consequence of any Insured's liability under any contract or agreement regardless of whether such liability is direct or assumed; provided [the Contract Exclusion] shall not apply to liability that would attach to an Insured even in the absence of a contract or agreement." Chubb Policy at 32. Chubb argues that coverage for TriPac and TMI is precluded because all of the causes of action are "based upon" or "arising from" contracts. Mot. at 19. TriPac and TMI argue that the fiduciary-duty claim does not conclusively arise from their liability under the 2013 or 2016 Employment Agreements. Opp'n at 21.

"California courts have consistently given a broad interpretation to the terms 'arising out of' or 'arising from' in various kinds of insurance provisions. It is settled that this language does not import any particular standard of causation or theory of liability into an insurance policy. Rather, it broadly links a factual situation with the event creating liability, and connotes only a minimal causal connection or incidental relationship." Medill v. Westport Ins. Corp., 143 Cal. App. 4th 819, 830 (2006) (quoting Acceptance Ins. Co. v. Syufy Enterprises, 69 Cal. App. 4th 321, 328 (1999).). "Such language 'requires [the court] to examine the conduct underlying the ... lawsuit, instead of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-919 JVS (JDEx) | Date | January 28, 2022 |
| Title | TriPacific Capital Advisors, LLC v. Federal Insurance Company | | |

the legal theories attached to the conduct.'" Id. (quoting Century Transit Systems, Inc. v. American Empire Surplus Lines Ins. Co., 42 Cal. App. 4th 121, 127 n.4 (1996)).

According to the allegations in the Mahathirath Action, negotiations to entice Mahathirath to stay at TriPac began in the summer of 2015. Mahathirath Compl., Dkt. No. 47-1, ¶ 18. In addition to a promotion and a change in compensation, the alleged oral agreement revised the bonus calculation such that "Mahathirath was now entitled to fifty percent of the net profits that TriPac received from the investments that Mahathirath originated and managed, effectively converting their relationship into a joint venture. The members of the joint venture were Fearns and Mahathirath, with help from their respective companies. As part of their joint venture, Mahathirath was paid an annual salary and Plaintiffs were entitled to fifty percent of the net profits. As members of the joint venture, Defendants owed fiduciary duties to Plaintiffs." Id. Mahathirath alleges that he agreed to remain at TriPac as a result of those changes and that during the fall of 2015 "the parties understood that the agreement Fearns and Mahathirath had reached regarding Mahathirath's new title, salary, and bonus structure would govern and that they would reduce it to writing." Id. ¶ 19.

Under the breach of fiduciary cause of action Mahathirath alleges that "[b]y virtue of their fifty/fifty split of the net profits of TriPac following execution of the 2016 Agreement, Mahathirath and Fearns were joint venturers and/or partners in connection with the investments with the UC Regents, and [TriPac, TMI, and Fearns] owed Mahathirath fiduciary duties, including the duty of loyalty, to avoid self-dealing, and to account for the proceeds and profits from the investments." Id. ¶ 38.

The Mahathirath Action alleges that TriPac and TMI breached fiduciary duties. To the extent that there is uncertainty about the source of those fiduciary duties, the only two potential sources are either the alleged oral agreement in the summer of 2015 or the 2016 Employment Agreement. The allegations in the Mahathirath Action imply that the Employment Agreement is a memorialization of the earlier oral agreement. Thus, the source of any fiduciary duty would be a "contract or agreement." Absent the agreement with Mahathirath that allegedly created the fiduciary duty, there would be no liability that existed. See Office Depot Inc. v. AIG Specialty Ins. Co., No. 2:15-cv-02416-SVW-JPR, 2019 WL 4570011, at *5 (C.D. Cal. June 21, 2019), aff'd, 829 F. App'x 263 (9th Cir. 2020) (holding that contract exclusion applied because "none of the claims—which

JS-6/STAYED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 21-919 JVS (JDEx)                              Date   January 28, 2022

Title   TriPacific Capital Advisors, LLC v. Federal Insurance Company

ultimately all related to the core allegation that Office Depot overcharged on government contracts—could have been raised absent the underlying contracts"); W.G. Hall, LLC v. Zurich Am. Ins. Co., No. 17-cv-00646 NC, 2017 WL 3782771, at *6-7 (N.D. Cal. Aug. 31, 2017) (holding that contract exclusion bars coverage for alleged Labor Code and Wage Order violations because while the law requires adherence to the orders, the violations would not exist absent the employment contract at issue). The relationship between the claims and the agreement constitutes the "minimal causal connection" necessary to be considered as "arising from" the contractual liability owed.

TriPac and TMI argue that the claim is covered even if it arises from liability under a contract or agreement, because the Contract Exclusion contains a carve-back provision providing that it "shall not apply to liability that would attach to an Insured in the absence of a contract or agreement." Chubb Policy at 32. TriPac and TMI assert that even in the absence of the Employment Agreements, Mahathirath could assert a fiduciary-duty claim based on his claimed ownership interest in TriPac. Opp'n at 29. The Court does not find this convincing, as the claimed ownership interest allegedly originated from the same contract or agreement.

Accordingly, the Court finds that the Contract Exclusion applies to the breach of fiduciary-duty claim.

### E.    Duty to Defend

While an "insurer's duty to defend runs to claims that are merely potentially covered," the duty "may be extinguished earlier, if it can be shown that no claim can in fact be covered." Buss, 16 Cal. 4th at 46. Based on the analysis of the Contract Exclusion, the Mahathirath Action is not covered under the Chubb Policy. Accordingly, the Court concludes that Chubb does not have a duty to defend TriPac and TMI.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion for summary judgment in full. The Court finds that oral argument would not be helpful in this matter. Fed R. Civ. P. 78; L.R. 7-15.

JS-6/STAYED

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-919 JVS (JDEx) | Date | January 28, 2022 |
| Title | TriPacific Capital Advisors, LLC v. Federal Insurance Company | | |

**IT IS SO ORDERED.**

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |